WILLIAM S. FULLERTON, Appellant, v. JOHN McCURDY and ELSIE his wife, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

Where the vendor in a contract for sale of land enters into a new contract for sale of the same land, the second vendee is a necessary party defendant in an action to enforce specific performance of the first contract.

THIS was an appeal by the plaintiff from a judgment for the defendant, dismissing his complaint, after a trial by the court.

The complaint alleged that, on the 7th of June, 1862, the plaintiff was the owner and in possession of certain described

premises, subject to mortgages for $1,000 and $800, which, on that day, were sold to one Shafer, under foreclosure sale of the $1,000 mortgage; that, after his purchase, Shafer paid the $800 mortgage, which was the prior lien; that the plaintiff was indebted to Shafer in a sum which, together with the principal and interest of the two mortgages, amounted to $2,300; that, on the 5th April, 1865, Shafer agreed with the plaintiff that if he would pay him the sum of $2,300, he (Shafer) would convey the premises to him (the plaintiff), or to such other person as plaintiff should direct; that Shafer required the payment of the money on the 5th April, 1865, and on that day the plaintiff applied to the defendant, John McCurdy, for a loan of the amount named, and that it was thereupon agreed between the plaintiff and McCurdy that McCurdy should loan the sum of $2,300 to the plaintiff and pay the same to Shafer, and, as security for repayment of the money, should take a deed of the premises from Shafer, and forbear the repayment of the money until such time as the plaintiff should desire; with a further agreement that the plaintiff should be allowed to retain possession of the premises, and pay an interest in excess of seven per cent for the money. It was also alleged that the loan was usurious; that the plaintiff had tendered the whole amount of the loan, principal and interest, and demanded a conveyance of the premises, in accordance with the contract between the defendant and himself, and that the defendant had refused to comply with the demand. The complaint also alleged that the defendant had contracted for sale of the premises to one Foster, for the sum of $4,000; and it demanded an injunction to restrain the defendant from selling, &c., and a judgment declaring the conveyance to the defendant to be in equity a mortgage to secure the sum of $2,300, setting the same aside as usurious and void, and directing a conveyance of the premises to the plaintiff, or to such person as he should direct, &c.

The defendant answered that the alleged mortgage was in fact a sale to the defendant by Shafer; that a contract was entered into between the defendant and plaintiff, by which

the plaintiff took the premises under a lease for $170 per annum and taxes, with an agreement by the plaintiff that he would convey, on payment of $2,300, at a specified time; that the plaintiff had made default in payment of the principal, after due notice, and had forfeited his right to a conveyance under the contract, and that the defendant had, after the forfeiture, contracted to sell to one Foster.

The findings of the court below are stated in the opinion.

*S. Hubbard,* for the appellant.

*John A. Vanderlip,* for the respondents.

Present — MULLIN, P. J., and TALCOTT, J.

By the Court — MULLIN, P. J.  The question, whether the transaction between McCurdy and the plaintiff was a loan by the former to the latter, and the farm conveyed as security for the loan, or whether it was a purchase of said farm, with an agreement to convey to plaintiff on the payment of the money advanced by him (the defendant) to Shafer, was one of fact; and the court having found, on conflicting evidence, that it was not a loan, but an absolute purchase, with a verbal agreement to sell, the finding is conclusive, and the judgment founded thereon is right, and must be affirmed.

If the question of fact was open for review, I should feel constrained to concur with the learned judge who tried the cause, in the conclusion at which he has arrived.

As a judgment for specific performance was denied, because the purchaser of the defendant, McCurdy, was not a party, the plaintiff may institute another action for that purpose.  I will not, therefore, consider the question whether he is entitled to that relief on the facts disclosed by him. ·

That the purchaser is a necessary party, I have no doubt. He has, by virtue of his contract of purchase, an interest in the land, which should be disposed of for the protection of

Fullerton *v.* McCurdy.

both the plaintiff and McCurdy. A judgment for specific performance, to which the purchaser was not a party, would leave the contract of purchase in full force, without the ability on the part of the vendor to perform it. And if the case is one in which the purchaser has purchased and paid for the land, without notice of the plaintiff's rights, a judgment for specific performance against the vendor might be unavailing. (Fry on Specific Performance, 114, and note 5, on same page.) If the purchaser had notice of the plaintiff's rights, his contract should be annulled, if performance by the vendor is decreed.

To protect the plaintiff against the danger of having the judgment in this case held a bar to a suit for specific performance, there should be added to it a clause declaring it to be without prejudice to the right of plaintiff to bring an action for specific performance or to redeem.

I am unable to understand why the plaintiff should deem it either necessary or proper to assail this contract as usurious, which he alleges was entered into between him and McCurdy, by which the latter agreed to take the title to the land from Shafer, and hold it on security for the money he should advance for that purpose. Such a defence, if successful, annuls the contract, and places the parties as they were before it was made. How is the plaintiff benefited by such an adjudication? The land would not revert to the plaintiff. McCurdy got nothing from him, and could not be compelled to surrender anything to him. It is not pretended in the plaintiff's complaint that Shafer held the premises by way of security for a debt; and, hence, if the title of plaintiff was usurious and void, and should revert to Shafer, the plaintiff would not be entitled to it. It seems to me, therefore, a waste of time and money to wrangle over a question which can, in no contingency, be of any benefit to the plaintiff.

If the plaintiff is to be considered a purchaser merely, and he is such only, if Shafer is to be decreed to be a purchaser, he cannot assail a transaction for usury without paying, or offering to pay, what McCurdy paid for the land.

It is the borrower only who is relieved from the payment or tender of money borrowed, as a condition precedent to the right to maintain an action to set aside a transaction for usury.

The judgment should be qualified, as above suggested, and, as qualified, affirmed, with costs.