SIDNEY SMITH & SON v. WILLIAM R. McNAIR.

1. SALE OF FORGED INSTRUMENTS; *Warranty of Vendor; Liability.* The vendor of certain papers, purporting to be school bonds negotiable on their face, by the mere act of sale impliedly warrants the genuineness of the bonds, and is liable to the vendee, or his assignee, for what he has received from him, with interest, if such pretended bonds are false and forged when delivered.

2. ———— *Return of Forged Instruments Not Necessary.* An action can be maintained for the money paid for such forged bonds by the vendee against the vendor, without a return or an offer to return to the vendor the worthless papers.

3. ———— *Resale by First Vendee.* A resale of such forged bonds to a second vendee for a sum in excess of the price paid the first vendor is

no bar to the recovery of the money paid by the first vendee to his vendor, although the money on the resale has not been refunded by the first vendee to his vendee.

### *Error from Leavenworth District Court.*

ACTION by *McNair* against *Sidney Smith* and *Walter S. Smith,* partners as *Smith & Son,* to recover the amount paid defendants by plaintiff's assignor for three certain false and forged school-district bonds. All the facts are stated in the subjoined opinion. The district court, at the December Term 1875, gave judgment in favor of *McNair* for $929.79 and costs, and defendants bring the case here.

*Lucien Baker,* for plaintiffs in error. (No brief has come to hands of reporter.)

*Clough & Wheat,* for defendant in error, contended, that the Smiths by selling and delivering forged bonds and coupons warranted that the same were genuine, and that because of the bonds being forged and fictitious, and not genuine, there was an entire failure of the consideration paid therefor, and that the same could be recovered back. Byles on Bills, 6th Am. ed., 161; 18 Iowa, 202, 207; 38 Iowa, 329, 333; 4 Gray, 156; 20 N.Y. 277. Nor is it at all material that the forged bonds were not returned to plaintiffs in error. They were of no value, and for want of such value it was not necessary to return the same. 38 Iowa, 330, 336; 8 Kas. 660.

The opinion of the court was delivered by

HORTON, C. J.: The material questions in this case are, as to the liability of a vendor of forged school-district bonds to the purchaser thereof, where there is no collateral contract of warranty; and if a liability exists against the vendor, whether

1. Sale of forged instruments; warranty of vendor.

a return or an offer to return the counterfeit bonds by the purchaser immediately after discovering that they are worthless, is essential to the right of recovery; and lastly, where such vendee has sold

the forged bonds for a sum in excess of the price paid by him, and has never taken the bonds back, or returned the money received by him to his vendee, has such second vendee or his assignee any right of action against the original vendor? The facts are as follows: William R. McNair, assignee of Jones & Howell, sued Smith & Son to recover back the consideration, with interest, which Jones & Howell had paid the Smiths for certain supposed (but really forged) school bonds and coupons, which the Smiths had sold and delivered to Jones & Howell. There was no express warranty by Smith & Son, and no indorsement or written guaranty by them. Jones & Howell sold the bonds to McNair for $87.50 more than they gave for them. There was a mistake by all the parties. The sellers and the buyers supposed the bonds to be genuine, when in truth they were forged. After they were ascertained to be worthless, Jones & Howell assigned in writing their cause of action against the Smiths to McNair. The consideration of the assignment was the liability of Jones & Howell to their vendee, which liability was more than the claim of Jones & Howell against Smith & Son. We have carefully examined the cases relied upon by the counsel for plaintiff in error in support of the proposition that when a negotiable instrument passes by mere delivery, and the instrument is sold the same as any other article, the vendee cannot recover back the purchase-money even if the instrument is forged; but in our view, the cases cited are in conflict with the great current of both English and American authorities, and in some of the cases quoted there are features which widely distinguished them from the case at bar. The rule is, that if one person applies to another to purchase an article for a particular purpose, and the person so applied to sells him the article knowing that the purchaser relies upon his complying with his request, the law implies that the article is delivered with a warranty that it is the article called for. It is too well settled to admit of discussion, that a vendor who sells negotiable bonds or notes, is bound, not by the collateral contract of warranty, but by the principal contract

itself, to deliver as a condition precedent that which is genuine, not that which is false, or counterfeit; and if the negotiable instrument turns out to be forged, the seller is liable to the vendee for what he has received from him for it, with interest from the time of the receipt. The mere act of sale impliedly warrants the genuineness of the instrument. We need only refer to a few of the many cases supporting this view.

In *Jones v. Ryde*, 5 Taunt. 488, it was held, that the vendor of a forged navy-bill was bound to return the money received for it; and in this case the decision was placed on the ground that where a bill was discounted as genuine, which turned out to be forged, both parties being equally innocent, having equal knowledge and equal means of knowledge, the money was recoverable back as money had and received.

In *Young v. Cole*, 3 Bing. N. C. 724, it was held, that when the plaintiff, a stock broker, was employed by the defendant to sell for him four Guatemala bonds, in April 1836, and it was shown that in 1829 unstamped Guatemala bonds had been repudiated by the government of that state, and had ever since been not a marketable commodity on the stock exchange, and the defendant received the price on the delivery of the bonds, both parties being ignorant that a stamp was necessary, that as the bonds were valueless the defendant was bound to restore the price received. Tindal, C. J., said: "It is not a question of warranty, but whether the defendant had not delivered something which, though resembling the article contracted to be sold, is of no value."

In the case of the *Cabot Bank v. Morton*, 4 Gray, 156, it was decided that a person who procures notes to be discounted by a bank, impliedly warrants the genuineness of the signatures of the makers and indorsers. The court say, that it is "a general rule of law, that in every sale of personal property the vendor impliedly warrants that the article is in fact what it is described and purports to be, and that the vendor has a good title and right to it."

Again, in *Snyder v. Reno*, 38 Iowa, 329, the court held that the transfer of a note by delivery, whether the consideration be money or merchandise, impliedly warrants the genuineness of the signature of the maker. See also, *Gurney v. Womersley*, 28 Eng. L. & Eq. 256; *Worthington v. Cowles*, 112 Mass. 30; *Aldrich v. Jackson & Butts*, 5 R. I. 218; *Terry v. Bissell*, 26 Conn. 23; *Ledwich v. McKein*, 53 N. Y. 307.

Reason also supports the authorities. Where a person buys negotiable bonds, he expects to receive genuine instruments, not false and fictitious ones. If one buys bread, he does not expect a stone; if he bargains for fish, he is not satisfied with a serpent. In this case, Jones & Howell contracted for school-district bonds, and paid for such bonds. They received worthless papers, of no value intrinsically to any one. What they bargained for, they have not received. No school-district bonds have ever been delivered to them. Common honesty requires that the money they paid out should be returned with interest.

As to the question made, that no recovery could be had without a return, or an offer to return the forged bonds, we **2. Return of forged bonds.** answer, that within the principle applied in the case of the *First Nat. Bank of Sturgis v. Peck*, 8 Kas. 660, no return or offer to return was necessary to maintain the action brought by McNair. The bonds were forged, and entirely worthless to all the parties. "In such a case, the return would be a useless ceremony, which the law never requires."

The objection of plaintiff in error to the judgment, that Jones & Howell resold the bonds in excess of the price paid, **3. Resale by first vendee.** is not well sustained. The implied warranty of genuineness by Smith & Son was broken the instant of the delivery of the bonds, and they at once became liable to their vendees for the amount they received. This cause of action then accrued. The plaintiffs in error were in nowise affected by such second sale, and could not plead

such sale in bar of the rights of Jones & Howell against them, nor against their assignee, who stands in the shoes of Jones & Howell in this case.

The other exceptions taken on the trial were immaterial, as the answer states the assignment of the cause of action to the defendant in error by Jones & Howell, and the sale of the forged bonds to him by them; hence these matters were not in issue in the case, and no instructions or directions to the jury concerning these facts were either necessary or proper.

The judgment of the district court is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting.