JONATHAN BABB v. MILTON LINDLEY AND ELISHA
PARKER.

TITLE TO LAND; *Fraud; Equity; Parties Defendant; No Error.* P. was
the owner of certain land in Lyon county. In 1866, he entered into a
written contract with G. to convey the land to him. The contract was
induced solely by the fraud of G., and the only consideration was a patent
utterly worthless and of no value whatever. In 1867, G. sold to B., for
a valuable consideration, the land, and assigned to him the written con-
tract of sale. On April 3d, 1867, P., to carry out the terms of the con-
tract, executed to B. a deed, intending to convey the land, but by a mutual
mistake the land was misdescribed. P. discovered the fraud practiced
upon him after the execution of the deed. On April 12th, 1878, P.
executed a warranty deed of the land to L. On July 1st, 1878, B.
brought his action against L., to have L. declared the trustee of the legal
title of the land for him, and to compel L. to convey the title to him.
P. was permitted by the court, on his application, to be made a party
defendant. *Held,* Not error, as both P. and L. were proper defendants;
and further, *held,* that upon proof of the fraud of G. in inducing P. to
enter into a written contract to convey the land in the absence of any
consideration, B.'s claim for relief was properly denied. *(Stout v. Hyatt,*
13 Kas. 232.)

*Error from Lyon District Court.*

ACTION, brought July 1, 1878, by *Babb,* against *Lindley,*
to have the defendant declared the trustee of the legal title
to a certain piece of land in Lyon county, for the benefit of
plaintiff, and to compel him to convey the legal title. The
facts, pleadings and proceedings are sufficiently stated in the
opinion. Trial by the court, which made certain findings
of fact, and thereon entered judgment for the defendants for
costs. A new trial being denied, the plaintiff brings the case
here.

*Sterry & Sedgwick,* for plaintiff in error.

*Cunningham & McCarty,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by the plaintiff in
error against Milton Lindley, one of the defendants in error,
to have Lindley declared the trustee of the legal title to cer-

tain land in Lyon county for the benefit of plaintiff, and to compel him to convey the legal title.  Lindley answered by a general denial, and second, by stating in substance that he had bought the land for a valuable consideration from E. Parker, and had received from him a warranty deed therefor; and that the plaintiff had procured his alleged title and pertended claim without consideration, and by false and fraudulent representations concerning the usefulness and novelty of a certain kind of bee-hive.  The plaintiff demurred to this defense, and the demurrer was sustained.  Thereupon, Elisha Parker, the other defendant in error, obtained leave from the court to be made a party defendant, and set forth in his answer substantially the same defense pleaded by Lindley. This answer was demurred to by plaintiff, and overruled by the court.  The plaintiff then filed a reply, containing a general denial of the allegations of this answer.  Trial was had before the court, a jury being waived.  The court made the following findings of fact:

"1st.  That in the month of December, 1866, the defendant, Elisha Parker, was the owner in fee simple of the following-described real estate, situated in Lyon county, Kansas, to wit: The north half of the northeast quarter of section 2, township 19, range 10, east.

"2d.  That sometime in the year 1866, the defendant, Elisha Parker, entered into a written agreement with one Elsbery L. Gennett, whereby he agreed to convey to said Gennett the land above described.  In consideration of said agreement, the said Gennett sold to said Parker a patent right to manufacture and sell a certain patent bee-hive within certain territory, which was the only consideration for the land.

"3d.  That at the time of the agreement to sell the land, and for the purpose of inducing the said Parker to sell the same, Gennett represented to Parker that the bee-hive was useful, novel, and of great value, when in fact said patent was utterly worthless, and of no value whatever.

"4th.  That sometime prior to the month of April, 1867, Gennett sold to plaintiff Babb the land he had previously purchased of Parker, for a valuable consideration, to wit, $420, and assigned to him the written agreement.

"5th.  That on the 3d day of April, 1867, Elisha Parker and his wife, for the purpose of carrying out the terms of the

agreement, and without any additional or further consideration, made, executed and delivered to said Jonathan Babb their deed of general warranty, by which they intended to convey the land above described, but by a mutual mistake the land was described in the deed as being situated in section 21, instead of section 2, as was intended, which said deed was duly recorded in the records of the register of deeds for Lyon county, Kansas, on the 22d day of June, 1867, in book H, on page 587.

"6th. That the said land so intended to be conveyed was, and is, wild, uncultivated and unoccupied land, the said plaintiff having continuously paid the taxes on the same ever since the year 1867.

"7th. That the defendant, Elisha Parker, discovered the fraud in the bee-hive sometime between the years 1867, and 1871, and the discovery of the mistake in the deed was sometime in the year 1873 or 1874.

"8th. That on the 12th day of April, 1878, the defendant, Elisha Parker, and wife, made, executed and delivered to the defendant, Milton Lindley, their deed of general warranty to the land which they had intended to deed to the plaintiff; that said deed to Lindley was without consideration, and received by Lindley with full knowledge of the plaintiff's rights in the premises, and that the said deed was duly recorded on the 16th day of April, 1878, in book C, page 29."

Upon the findings of fact, judgment was entered in favor of the defendants for costs. The plaintiff alleges several grounds of error, but they are really comprehended in these two, viz.: first, that the court erred in permitting Parker to be made a defendant; second, that the defense pleaded and the facts found by the court constituted in law no defense. The first alleged error is without merit. The rule is, that where a specific execution of a contract to sell land is sought to be enforced, if the vendor has conveyed the property to a third person, after having entered into a contract for the sale thereof, the person to whom the land has been conveyed, as well as the vendor, should be made defendants; and so if the vendor has made a new contract to sell. (*Daily v. Litchfield*, 10 Mich. 29; *Stone v. Buckner*, 12 Smed. & M. 73; *Fullerton v. McCurdy*, 4 Lans. 132; *Morris v. Hoyt*, 11 Mich. 9; Bliss on Pleading, 108, 109.)

We think that in this case both Lindley and Parker were proper parties, Lindley as the party having the legal title, and Parker as being accused of having wrongfully conveyed the land to him by a warranty deed. The trial court probably committed error in sustaining the demurrer to Lindley's second defense, but as Parker afterward set up the like defense, under the circumstances we may assume his answer inured to Lindley's benefit.

The second alleged error is likewise untenable. The plaintiff purchased with notice of all counter equities which were outstanding in favor of Parker, then holding the legal title. (*Stout v. Hyatt*, 13 Kas. 232.) The trial court finds that there was no consideration for the contract between Gennett and Parker, as the so-called patent transferred to Parker by Gennett was utterly worthless, and of no value whatever. As there was no consideration, there was no contract. (*Bank v. Peck*, 8 Kas. 660.) Gennett therefore acquired no right or title in the land by his fraud in inducing the contract of 1866, and as the plaintiff was not a *bona fide* purchaser, as he was bound to take notice of the equities of Parker, he acquired no right or title in the land. He knew that Gennett's purchase was tainted — was void, and that he bought nothing. Under these circumstances, Parker was as much the owner of the land prior to April 12th, 1878, as he was in 1866, before his contract with Gennett. On April 12th, 1878, he had full authority to sell or give the land to Lindley. His deed then transferred a good title. When the plaintiff sought to have Lindley convey to him the legal title, the defendants had the right to set up the fraud upon which the plaintiff's claim was based. It was the first opportunity, after the discovery of the fraud of Gennett, that either had the chance in any court to expose its rottenness. The plaintiff was standing in the shoes of Gennett, entitled to his equities, all his rights, and all his defenses — nothing more. As Gennett had failed to do equity, neither he nor his assignee had any right to the relief demanded in the petition.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.