## G. F. Parmelee v. John D. Knox & Co.

Sale of Forged Bond; *Competent Evidence.* In an action to recover moneys paid for a school-district bond, alleged to be spurious and worthless, proof that there never was any such school district as appears on the face of the bond to have issued it, is evidence that it is spurious and worthless; and evidence that the entire county is uninhabited and without any indications of having ever been inhabited, is evidence tending strongly to show that there never was any such school district.

*Error from Shawnee District Court.*

Action brought April 28, 1877, by *Knox & Co.* against *Parmelee,* to recover money which they had paid him for a certain school-district bond that proved to be spurious. The petition is in substance, that —

The said John D. Knox & Co., plaintiffs, complain of the said G. F. Parmelee, defendant, for that the said defendant on the 30th day of July, 1874, at the county aforesaid [Shawnee], requested the said plaintiffs to buy of the said defendant a certain bond which the said defendant then and there represented to the said plaintiffs to be a district-school bond of District No. 6, of Comanche county, state of Kansas, for the sum of twelve hundred dollars, and signed by William Little, director, J. S. Burk, clerk, and Alfred Young, treasurer of said School District No. 6, and dated on the first day of June, 1874, payable ten years after date and bearing interest at the rate of ten per cent. per annum, payable annually on the first day of June of each year at the office of the state treasurer, in the city of Topeka, and to which coupons were thereunto attached.

8 — 24 KAS.

Parmelee v. Knox & Co.

A copy of said bond and coupons thereto attached is here-with filed, marked "A," and made part of this petition, to which reference is had for a more particular description of said bond.

The plaintiffs aver that by reason of the said representations, then and there made by the said defendant, which were believed by the said plaintiffs, that the said plaintiffs on the 30th day of July, 1874, purchased the said bond of the said defendant, and then and there paid the said defendant, G. F. Parmelee, the sum of nine hundred and thirty six dollars therefor.

Plaintiffs further complaining say that the said representations then and there made by the said defendant, G. F. Parmelee, were false and untrue; that the said bond was not and is not the bond of School District No. 6, Comanche county, as represented by the said defendant, and as appears by the said bond, but is a spurious, falsely made and worthless paper. Wherefore, the plaintiffs say that by reason of the premises they were injured and misled, to their damage of nine hundred and thirty-six dollars, with interest on the same at seven per cent. from the 30th day of July, 1874, which said sum, having been demanded of the said defendant, he has hitherto refused to pay, or any part thereof, although often requested so to do.

Wherefore, the said plaintiffs pray judgment against the said defendant for the said sum of nine hundred and thirty-six dollars, together with the interest thereon from the said 30th day of July, 1874, etc.

A copy of the aforesaid bond and coupons (including the certificates and indorsements thereon), attached to the petition, is as follows:

$1,200.        UNITED STATES OF AMERICA.        No. 6.
SCHOOL DISTRICT BOND, STATE OF KANSAS,
*Maturing on the first day of June, 1884.*
SCHOOL DISTRICT No. 6, COUNTY OF COMANCHE.

Be it known, that School District No. 6, in the county of Comanche, state of Kansas, is indebted to ——— ———, or bearer, in the sum of twelve hundred dollars, bearing interest from date at the rate of ten per cent. per annum, payable annually on the first day of June in each year, at the office of the state treasurer, in the city of Topeka, and for which coupons are hereto attached. This bond is one of one bonds, amounting in the aggregate to $1,200, issued for the purpose

of building a school house in said district, and in pursuance of an act of the state legislature, entitled "An act to enable school districts in the state of Kansas to issue bonds," approved February 26th, 1866, and an act amendatory of and supplemental thereto — the principal of which bond is made payable at the office of the state treasurer, in lawful money of the United States, on the first day of June, 1884, and for the payment of which the faith of the aforesaid district is hereby pledged.

In testimony whereof, this bond hath been issued, and is signed by the director, and countersigned by the clerk, and registered by the county clerk.

Dated at Smallwood, county of Comanche, state of Kansas, this first day of June, 1874.

(Signed)                    WILLIAM LITTLE, *Director.*
(Countersigned)  J. S. BURK, *Clerk.*
        Registered by WM. ALLEN, *County Clerk.*

$120.                    TREASURER                    No. 10.

Of School District No. Six, county of Comanche, state of Kansas, pay to bearer one hundred and twenty dollars, due June 1st, 1884, for interest on bond No. One, issued June 1st, 1874.         (Signed)         WILLIAM LITTLE, *Director.*
(Countersigned)  J. S. BURK, *Clerk.*

[Here follow coupons numbered 9, 8, 7, 6, 5, 4, 3, 2, and 1, each for $120, all issued June 1, 1874.]

CERTIFICATE OF THE DISTRICT BOARD OF SCHOOL DISTRICT NO. SIX,
COUNTY OF COMANCHE.

STATE OF KANSAS, COMANCHE COUNTY, SS.:

We, W. Little, director, J. S. Burk, clerk, and Alfred Young, treasurer, of School District No. Six, in Comanche county, state of Kansas, do hereby certify that we constitute the board of School District No. Six, in said county and state; that we were legally elected to said offices at an election held at J. S. Burk's, on the 2d day of March, A. D. 1874; and that our acceptances in writing of said trust are on file at the office of the county superintendent of public instruction of Comanche county, in the state of Kansas. We further certify, that in said District No. Six there are twelve sections of land, and are twenty-nine children entitled to enter common schools; that the amount of property in said district at the last valuation thereof was, real property $13,500, personal property $11,700; and that a tax of one per cent. was assessed on the taxable property in said district

Parmelee v. Knox & Co.

for the purpose of paying interest on the first day of June, A. D. 1875; that the present debt of said district, including bond herein described, amounts to twelve hundred dollars. We further certify, that on the second day of May, A. D. 1874, a petition, signed by at least two-thirds of the qualified voters in said School District No. Six, aforesaid, . . . that in compliance with said petition, we, the said district board of School District No. Six, aforesaid, ordered an election to be held on the 23d day of May, A. D. 1874, at J. S. Burk's; that notices stating the object of said election, and signed by J. S. Burk, the clerk of said district board, were posted in five public places in said district ten days before the day appointed for said election; that at said election at least three-fourths of the electors present and voting declared in favor of issuing the following school bonds: Number of school bonds to be issued, one; purpose for which said bonds are to be issued, building and furnishing school house; amount of each bond to be issued, $1,200; date of each of said bonds, June 1st, 1874; to whom issued, ———; time when said bonds shall be payable, June 1st, 1884. That in accordance with the vote passed at said election, the following bonds were issued by us, the district board aforesaid, to wit: Bonds No. One, dated June 1st, 1874; amount of each bond, $1,200; when payable, June 1st, 1884; for what purpose issued, building and furnishing school house. That a full record of said bonds, the purpose for which they are issued, and the election under which they were authorized to be issued, is on file at the office of Alfred Young, the treasurer of said county of Comanche and state of Kansas aforesaid. We further certify that all the requirements of chapter 95 of the Laws of 1872 were fully complied with prior to the issuance of said bonds. Attached to this certificate are true copies of the petition calling for the meeting, and the record of the same. WILLIAM LITTLE, [Seal.]

*Director of District Board of School District No. Six, County of Comanche, State of Kansas.*

J. S. BURK, [Seal.]

*Clerk of District Board of School District No. Six, County of Comanche, State of Kansas.*

ALF. YOUNG, [Seal.]

*Treasurer of District Board of School District No. Six, County of Comanche, State of Kansas.*

STATE OF KANSAS, COMANCHE COUNTY, SS.:

I, Will. Allen, of the town of Smallwood, county of Comanche, state of Kansas, duly authorized by law to administer oaths within said state, do hereby certify that W. Little, J. S. Burk and Alfred Young, whose names are subscribed to the above certificate, are personally known to me to be the same persons who constitute the district board of School District No. Six, in said county and state, and that they appeared before me this day in person, and having been duly sworn according to law, made oath to the truth of the above certificate.

Given under my hand and official seal, this first day of June A. D. 1874. WILLIAM ALLEN,
[SEAL.] *County Clerk.*

I hereby certify that District No. Six, county of Comanche, state of Kansas, is legally organized, and that W. Little, director, J. S. Burk, clerk, and Alfred Young, treasurer, are the legal officers of said district.

[Signed] JAS. HOPKINS,
*County Superintendent of Public Instruction.*

STATE OF KANSAS, COUNTY ——, SS.:

I, WILLIAM ALLEN, clerk of Comanche county, do hereby certify the within bond No. One, of School District No. Six, county of Comanche, state of Kansas, was duly registered in my office according to law, this first day of June, A. D. 1874.
[SEAL.] WM. ALLEN,
*County Clerk, Comanche County.*

Indorsed: No. 1; $1,200; State of Kansas; district school bond of School District No. 6, Comanche county, dated June 1, 1874, due June 1, 1884; ten per cent. interest, payable annually, on the first day of June, at state treasury.

The defendant, for answer to the foregoing petition, denied each and every allegation therein contained. Trial by the court, without a jury, commencing February 6, 1878, when John D. Knox testified as follows:

"I am the plaintiff in this suit. I purchased the bond in controversy in this suit from the defendant, July 30, 1874, and paid him $936, as my check shows [witness shows check]. This is the bond. I never received anything on it, because it proved to be a forged bond."

The aforesaid bond was then offered in evidence. The de-

fendant objected to the reception of the bond in evidence, which objection was by the court overruled, and the bond was put in evidence—to all of which the defendant excepted.

Upon cross-examination, the witness testified as follows:

"I only know the bond to be forged as far as a man can know it without seeing the names forged. The coupons were presented in New York, but not by me. I don't know the signers to the bond; never saw them write; don't know their signatures. I only know of the presentation in Comanche county, by hearsay. I made tender to Parmelee, who admitted that he would not have sold the bond to anybody but a dealer; he virtually admitted that the bond was forged."

Thereupon the plaintiffs offered in evidence the depositions of certain witnesses, to which the defendant objected, which objection was by the court overruled; to which ruling the defendant excepted.

Thereupon said depositions (caption omitted) were read, as follows:

R. H. Ballinger testified as follows:

"*Question:* What is your name, age and residence?

"*Answer:* My name is R. H. Ballinger; age, 44 years; residence, Pawnee county, Kansas.

"Q. Are you familiar with Comanche county?

"A. I am acquainted with the county of Comanche as defined on our maps, and also with the two tiers of townships taken from the county of Kiowa by an act in 1875, being section No. 2, page 87, statutes.

"Q. State what you know, if anything, in regard to the improvements, settlements and school districts in Comanche county, in the year 1875?"

(Objected to by the defendant, for the reason that it is incompetent and irrelevant.)

"A. In the two tiers of townships above mentioned, there were some six or eight families residing on Medicine creek, in town 30, range 16, in the original county of Comanche, as defined on our maps. There was not in 1875 a single *bona fide* inhabitant. There never was but one family [man] resident in said county, and he lived on Mule creek, near Smallwood. His name was Coon; his son was killed by the Indians in 1873, and he moved back to the state of Ohio, I believe. The town of Smallwood was a fraud of the first

water;. it contained a log house worth about twenty dollars, called a court-house; there was also one other building resembling a stable for a pony, costing probably ten dollars. That was all there was of the town of Smallwood, and that has since been moved away.   The place then looked as if it never had an inhabitant.   There were no fields, gardens, or any other thing about indicating residence.   The place where Coon lived was called 'Coon's ranche,' and was occupied by cattle-men as a temporary place for grazing cattle through the winter.   There were no indications of any school districts; no county officers, no public records, and no children to send to school, and never were, except those of Mr. Coon.   There was no taxable property in that county, unless it was the transient cattle that were wintered or grazed on the prairies. The land is the Osage Indian reservation, and was not taxable until it is settled and title procured.   If there was any taxable property, there were no officers to assess and collect the taxes.   I have traveled over the whole county of Comanche, and could not find any other indications of residence or habitation, and am confident there was no other in the year 1875, in the county.

"Q. State if there were any other parties residing in Comanche county in 1875, except Coon?

"A. There were no indications of any other resident.   My occupation is that of breeding and raising cattle.   Myself and others had, during the winter of 1875, quite a herd of cattle in that county, and we were moving from place to place seeking for those that strayed away, and also searching for good places for shelter and range."

W. F. Caldwell testified as follows:

" *Question:* State your name, age, and place of residence?

"*Answer:* W. F. Caldwell; age, 32 years; residence, Pawnee county, Kansas.

"Q. State if you were acquainted with that portion of Comanche county, in 1875, in which the town of Smallwood was situated?

"A. I was.

"Q. State what improvements and settlements were there in 1875."

(Objected to by the defendant's counsel, for the reason that it is incompetent and irrelevant.)

"A. There were two (2) small buildings in the town of Smallwood, and another building about three-quarters of a

mile from there, called 'Coon's ranche,' occupied by cattle-
men.    This was all the improvements and settlement which
I noticed in that portion of the county, and all that I know
of being in the county at that time.

"Q. State, if you know, whether there were any county
or school-district officers in the county in the year 1875?

"A. None that I know or heard of.

"Q. State your occupation?

"A. A cattle-man."

C. A. Morris testified as follows:

" *Question:* State your name, age and place of residence?

"*Answer:* C. A. Morris; age 38 years; Pawnee county, Kas.
I am register of the U. S. Land Office at Larned, Kansas.
Comanche county is embraced in the Larned land district.
I have examined the records in my office, which show no
entry of land having been made in Comanche county prior,
or up to March 1st, 1875.   The records show no filing ever
having been made on land in Comanche county, by either
Wm. Little or J. S. Burk.   There were not to exceed a dozen
filings on land in Comanche county on the first day of June,
1875, nor was there any land proved up on in that county at
that time, as shown by the records of my office."

Thereupon the plaintiffs called A. L. Williams as a witness,
who, being duly sworn, testified as follows:

"I was attorney general of the state of Kansas in 1874.
I was one of the committee appointed by the legislature to
visit Comanche county.  I visited it in the fall of 1874.  What
I stated in my report, I now state under oath.   I was exam-
ined as a witness before a committee of the legislature." [House
Journal, 1876, pp. 442, 443.]

Thereupon the witness read a part of his evidence before
the house committee on state affairs, as his evidence in this
suit, as follows:

"In October, 1874, I passed through Comanche county,
from the east line to what is called the county seat—Small-
wood.   Until within about two miles of Smallwood, there
was no sign, either of a human habitation or of a house, hav-
ing been in that part of the county.   At the crossing of Mule
creek, a mile and a half or two miles from Smallwood City,
was a deserted ranche—a dug-out—which had apparently
been deserted for months.   It was equally apparent it was a
mere temporary abode.   There was this much of a symptom

of a settlement, that a small piece of ground was partially inclosed with a heavy log fence — no ground broken, and no appearance of ground being broken; no stables; no wells; nothing but this dug-out and fence. At Smallwood there was one house and a dug-out. The house was a very substantial log house, cedar logs, with a good pine floor of regular flooring. Above was a loft, or half-story, reached by a trap door, with a good floor. The windows and doors were gone, if any had ever been there; they were not there then. A few yards west of that house was a dug-out, fallen in and useless. It had evidently been used to stable horses in. I saw neither white man nor Indian in that country, except the two who accompanied me, and heard of none. It was to me absolutely certain, from the appearance of the country, the unbroken soil, the state of the roads, and the general appearance of things, that no person had either lived there or been there for months; and I saw no indication that anybody had ever made his home in that country. There was not as much appearance of it as you find in the confessedly abandoned country, where buffalo hunters go and thieves hide their stock."

To all of which testimony the defendant objected, for the reason that the same is incompetent and irrelevant, which objection was by the court overruled; to which ruling of the court the defendant excepted.

L. H. Whitney was sworn as a witness for the plaintiff, and testified as follows:

"I presented the bond to Parmelee before suit upon it was brought, told him that it was bogus, got up to swindle, etc., tendered return and demanded the money. Parmelee said that he could not pay. Knox said, 'You know it was a swindle.' Parmelee said, 'I would not have sold it to any one but a dealer.' Knox said, 'You know it was bogus.' Parmelee made no answer."

The plaintiffs here rested, and the defendant, not offering any testimony, also rested; and thereupon the case was closed, the foregoing being all the testimony in the case.

September 9, 1878, at the August Term, the court found that the defendant was indebted to the plaintiff, in the matters set forth in the petition herein filed, in the sum of $1,023.35, and rendered judgment accordingly, to which the defendant then and there duly excepted. A new trial being

denied, the defendant, *Parmelee,* brings the case here for review.

*A. L. Williams,* and *Rossington & Smith,* for plaintiff in error.

*Hentig & Sperry,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the defendants in error against the plaintiff in error, to recover a certain sum which they had paid him for a school-district bond that turned out to be spurious and worthless. The case was tried by the court, without a jury. A general finding and judgment were entered in favor of the plaintiffs, and the defendant alleges error.

The bond purported to be the bond of School District No. 6, Comanche county, and the court permitted testimony tending to show that there was no genuinely organized county, no such school district, and in the language of counsel's brief, that "Comanche county was a howling wilderness." And this seems to be the matter complained of; but surely this is testimony tending to show that the bond is spurious. If there were no such district as District No. 6, the bond was no genuine instrument; and if Comanche county was entirely uninhabited, and showed no signs of ever having been inhabited, it would very strongly tend to show that there was no organized school district within its limits. The defendant offered no testimony, and that which the plaintiff produced very clearly showed one of those swindling transactions and bogus organizations with which some of our western counties have been afflicted. The testimony was abundantly sufficient to sustain the conclusion of the court. The right to recover, under the circumstances of the case, is settled by the decision in *Smith v. McNair,* 19 Kas. 330, a decision which the writer of this opinion will not be apt to soon forget, as it cost him five hundred dollars, he being one of the parties who had sold the bonds in that suit to Smith & Son, and who had to

reimburse them the amount they were by that decision compelled to pay.

The judgment will be affirmed.

All the Justices concurring.