No. 19,660.

THE FIRST NATIONAL BANK OF LARAMIE, WYOMING, *Appellant*, v. RIGGS VAUGHN, *Appellee*.

### SYLLABUS BY THE COURT.

1. NOTE—*Action by Indorsee—Defense Fraud—Tender Back of Valueless Consideration Unnecessary.* In an action by the indorsee of a negotiable promissory note it is not necessary for the defendant, the maker of the note, who defends on the ground of fraud of the payee in procuring the note, to offer to return the consideration promised for the note where such consideration was either of no value or has not been received.

2. SAME—*No Material Error in Evidence.* The matters complained of concerning the introduction of evidence have been examined, and nothing is found warranting a reversal of the judgment.

3. SAME—*Presumptions that Transcript is Correct.* Recitals in a journal entry of judgment concerning the burden of proof will be controlled by what actually transpired on the trial, as disclosed in the transcript of the evidence and in the instructions to the jury.

4. SAME—*Verified Denial Put in Issue the Indorsement of the Note.* In an action by the indorsee of a negotiable promissory note, an answer that denies all the material allegations of the petition, denies that the plaintiff is the owner of the note in good faith for a valuable consideration before maturity, and denies that the note was indorsed to the plaintiff before maturity for value, meeting the allegations of the petition, verified by the affidavit of the defendant, in which he states that the facts and denials set forth in the answer are true, puts in issue the indorsement of the note to the plaintiff.

5. SAME—*Immaterial Instructions.* A judgment will not be reversed because of error in instructions which could not have misled the jury under the issues and evidence.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion filed October 9, 1915. Affirmed.

Bank v. Vaughn.

*G. Polk Cline,* of Larned, and *E. E. Glasscock,* for the appellant.

*W. H. Russell,* and *Frank U. Russell,* both of La Crosse, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on a negotiable promissory note. Judgment was rendered in favor of the defendant. The plaintiff appeals.

The petition alleges that the note was duly indorsed, transferred and delivered to the plaintiff before maturity, for value; that the plaintiff is the owner and holder thereof in good faith; and that no part of it has been paid. The note was signed by the defendant, was made payable to the order of the Colorado-Wyoming Coal Company, and bears the following indorsements:

"Payment guaranteed; protest waived. The Colorado-Wyoming Coal Company, by A. J. Spengle, Treasurer. Northwestern Land and Iron Company, by A. J. Spengle, Treasurer. Pay to the order of any bank or banker, all prior indorsements guaranteed. 99-20 Laramie, Wyoming, 99-20. A. C. Jones, Cashier."

The answer admits the execution of the note; denies each and every and all material allegations of the petition save such as are admitted, modified or explained; denies that the note was indorsed to the plaintiff before maturity for value; and denies that the plaintiff is the owner of the note in good faith for a valuable consideration, before maturity. The answer also alleges that the note was given for stock in the Colorado-Wyoming Coal Company, and that the note was procured by that company through fraudulent respresentations. The answer is verified by the affidavit of the defendant, in which he states that the facts and denials set forth in the answer are true. The plaintiff did not introduce any evidence to prove any of the indorsements on the note. The jury found that the note had been procured through fraud.

The plaintiff complains of a number of matters, but they can be reduced to five propositions. First, the court erred in denying the plaintiff's motion for judgment on the pleadings; second, the court erred in the admission of evidence; third, the court erred in compelling the plaintiff to assume the bur-

den of proof; fourth, the court erred in holding that the verification of the answer put in issue the indorsements on the note; and fifth, the court erred in the instructions to the jury. We will discuss these in the order named.

1. The argument advanced by the plaintiff in support of its contention that the court erred in denying the plaintiff's motion for judgment on the pleadings is, that the defendant did not offer to return the stock in the Colorado-Wyoming Coal Company, received by him when he executed the note. There is no allegation in the answer that he did offer to return this stock. There is an allegation that the stock had become worthless and valueless, because of the facts which the defendant set up as a fraud upon him. Under these circumstances it was not necessary for him to offer to return this stock. (*National Bank v. Peck,* 8 Kan. 660; *Smith v. McNair,* 19 Kan. 330; *Wicks v. Smith,* 21 Kan. 412, 415; *Babb v. Lindley,* 23 Kan. 478, 481; *McKee v. Eaton,* 26 Kan. 226, 232; *Mfg. Co. v. Lewis,* 30 Kan. 541, 544, 1 Pac. 812; *Taft v. Myerscough,* 197 Ill. 600, 64 N. E. 711; Defenses to Commercial Paper, Joyce, § 211.)

It appears from the brief of the defendant and from the transcript of the evidence that by the terms of the contract between the defendant and the Colorado-Wyoming Coal Company, entered into at the time the note was executed, the stock was not delivered to the defendant, and was not to be delivered to him until the note was paid. He had nothing to return.

2. It is contended that the court erred in denying the motion of the plaintiff to quash the depositions of witnesses Grant and Hopkins, and that the court erred in receiving the evidence of witness S. S. Vaughn. We have read the depositions of witnesses Grant and Hopkins, and have examined the transcript of all the evidence. There was no substantial or prejudicial error in the admission of evidence. None of the evidence complained of concerned the indorsements on the note. There was ample competent evidence to establish fraud on the part of the Colorado-Wyoming Coal Company in obtaining the note.

3. The plaintiff argues that the court erred in compelling it to assume the burden of proof on all the issues. The journal entry of judgment recites that the court required the plaintiff

to assume the burden of proof on all the issues of fact joined by the pleadings. This is contradicted by the instructions to the jury. The court instructed the jury that the burden was on the plaintiff to prove the indorsements on the note, and that it was upon the defendant to prove fraud, after which the burden would shift to the plaintiff to prove that it was the holder of the note in due course. From the instructions set out it appears that the court properly instructed the jury concerning the burden of proof, and from an examination of the transcript it appears that the burden was either properly imposed or voluntarily assumed by the parties. The burden of proof actually imposed or voluntarily assumed on the trial as shown by the transcript, and as given to the jury in the instructions, must control a recital of the court's ruling thereon set out in the journal entry of judgment.

4. Did the verification of the answer put in issue the indorsements on the note? Section 110 of the code of civil procedure in part reads:

"In all actions, allegations of the execution of written instruments and indorsements thereon, . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In *Kurth v. Bank,* 77 Kan. 475, 94 Pac. 798, 15 L. R. A., n. s., 612, this court said:

"A verified denial of the execution of a promissory note is sufficient to put in issue the execution as well as alterations of indorsements of credits written on the back of the note contemporaneously with its execution and before its delivery." (Syl. ¶ 2.)

This was quoted in *White v. Smith,* 79 Kan. 96, 101, 98 Pac. 766. Under these authorities and those hereinafter cited, the answer, with its verification, was sufficient to put in issue these indorsements. (*Savings Association v. Barber,* 35 Kan. 488, 11 Pac. 330; *Hayner & Co. v. Eberhardt,* 37 Kan. 308, 15 Pac. 168; *Threshing Machine Co. v. Peterson,* 51 Kan. 713, 33 Pac. 470; *James v. Blackman,* 68 Kan. 723, 75 Pac. 1017; *Bank v. Robinson,* 93 Kan. 464, 470, 144 Pac. 1019.)

The plaintiff did not prove either of the indorsements on the note. The defendant introduced evidence to prove, and the jury found, that the note was procured by fraud. The plaintiff, by its failure to prove the indorsements, failed to show that it

was the holder of the note in due course. The defendant, by his proof of fraud, established his defense to the note.

This disposes of the plaintiff's contentions that the court erred in refusing to direct the jury to return a verdict in its favor, that the court erred in refusing to permit the indorsements on the note to be submitted to the jury, and that the verdict was contrary to the evidence.

5. The plaintiff's last contention is that the instructions were entitled "The Colorado-Wyoming Coal Company vs. Riggs Vaughn." Entitling the instructions in this matter was a mistake, but we do not see how it in any way affected the rights of the plaintiff.

Two instructions are complained of:

"Instruction No. 6. You are instructed that if you find from the evidence that after the maturity of the note in suit, the plaintiff required the Colorado-Wyoming Coal Company to give its note to said plaintiff, covering the amount of the note in suit and other notes, and that thereafter the note in suit was held as collateral to said company note, then the plaintiff would not be in the position of an innocent purchaser for value before maturity so as to shut off such defense.

"Instruction No. 8. The title of a person who negotiates an instrument is defective within the meaning of the law when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an alleged consideration, or when he negotiates it in breach of faith; or under such circumstances as amount to a fraud."

Instruction No. 6 is probably erroneous under *Best v. Crall,* 23 Kan. 482; *National Bank v. Dakin,* 54 Kan. 656, 662, 39 Pac. 180, and *Birket v. Elward,* 68 Kan. 295, 74 Pac. 1100. But admitting that one who holds a note as collateral security may hold it in due course and have all the rights of such holder, wherein did this instruction harm the plaintiff? It did not prove that it held the note by indorsement. In order to be a holder in due course, the note must be held by indorsement. (Gen. Stat. 1909, §§ 5283, 5305.) The defendant proved fraud on the part of the payee in procuring the note. This was a complete defense to the note, when the plaintiff failed to prove the indorsements. It then became immaterial whether the plaintiff held the note as collateral or in some other capacity. We do not think this instruction prejudiced the substantial rights of the plaintiff, and under section 581 of the code of civil procedure this error must be disregarded.

The eighth instruction correctly states the law if we substitute the word "illegal" for "alleged" in the phrase "or for an alleged consideration," and make it read "or for an illegal consideration." (Gen. Stat. 1909, § 5308.) The use of the word "alleged" was a mistake on the part of some one. The word "alleged" spoils but one clause of the instruction, and that is not sufficient to warrant a reversal of the judgment, because that clause does not touch any vital question in the case, under the findings of the jury.

The judgment is affirmed.