LAND FINANCE CORPORATION vs. PATRICK J.
FITZGERALD.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In an action upon a note or bill of exchange given on account of goods sold, fraud inducing the sale may constitute a complete defense as between the immediate parties to the instrument, provided the buyer rescinds the contract promptly on discovery of the fraud and returns, or offers to return, any property that he has received. That defense is not available as against a holder in due course.

Argued November 3d, 1926—decided January 11th, 1927.

ACTION by the indorsee against the acceptor of two bills of exchange, brought to the District Court of Waterbury and tried to the jury before *Makepeace, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and cause remanded.*

*Philip N. Bernstein,* for the appellant (plaintiff).

*Vincent A. Scully,* for the appellee (defendant).

MALTBIE, J. This is an appeal by the plaintiff in an action brought upon two negotiable bills of exchange or trade acceptances drawn by the Autocrat Sales and Distributing Corporation upon the defendant, accepted by him, and indorsed by the Autocrat Corporation to the plaintiff. The issues arise upon a special defense alleging that the defendant was induced to execute the trade acceptances by fraudulent representations made to him by the agent of the Autocrat Corporation in connection with the sale to him of certain oil burners. The answer sets forth the fraud as a complete defense to the action, but it does not allege, nor was any evidence offered to prove, that the

defendant had rescinded the sale or returned or offered to return the burners to the Autocrat Corporation. As between the immediate parties to a note given on account of goods sold, fraud inducing the sale may constitute a complete defense, if the maker rescinds the contract and returns or offers to return any property he has received; *Palmer* v. *Frost,* 86 Conn. 100, 108, 84 Atl. 277; *Beckwith* v. *Ryan,* 66 Conn. 589, 595, 34 Atl. 488; provided, of course, he acts promptly on discovery of the fraud. *Goldberg* v. *Krayeske,* 102 Conn. 137, 139, 128 Atl. 27. If the plaintiff was a holder in due course, the defense attempted to be made could not prevail; *Bissell* v. *Dickerson,* 64 Conn. 61, 29 Atl. 226; but even if the plaintiff was not a holder in due course, the defendant could not entirely defeat a recovery upon the note without proof that he had rescinded the contract, and had either returned the burners to the Autocrat Corporation or shown justification for not doing so. *Cox* v. *Cline,* 147 Iowa, 353, 126 N. W. 330; *Barnard* v. *Napier,* 167 Ky. 824, 181 S. W. 624; *First National Bank* v. *Vaughn,* 96 Kan. 402, 151 Pac. 1118; *Douglass* v. *Richards,* 116 N. Y. App. Div. 27, 101 N. Y. Supp. 299. The defendant wholly failed to establish any defense to the note, and the motion to set the verdict aside should have been granted.

The record discloses errors committed on the trial of the case, but there is no need to discuss them as the defect we have pointed out is decisive of the appeal.

There is error, the judgment is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.