*Bradley & Miller*, for Dummerston.

*Ransom*, for Jamaica.

---

### SAMUEL HENRY vs. THADDEUS COLMAN.

A promissory note given on condition to be in force on the happening of contingency, cannot be sued before that contingency happens.

This was an action of *assumpsit* on note dated October 18, 1820, for the sum of fifty dollars, with interest, payable in six years from date, signed by the defendant, on which note was written the condition as stated in the opinion of the Court. Plea, *non-assumpsit*, and issue to the jury.

The plaintiff read the note to the jury, and there rested his case.

The defendant then read a deposition from Oliver Smith, which is made part of the case, and there rested his defence.

The note of $2200, mentioned in said condition, was

WINDHAM,
February,
1833.

Henry
vs.
Colman.

treated by all as the one mentioned in Smith's deposition, the substance of which is included in the opinion of the Court.

The plaintiff contended that the condition on the note only provided for such time and expense (exclusive of the amount of the note itself) as the defendant should be put to in paying the said note to Oliver Smith; but did not relate to the money that the said Thaddeus and Hull might pay to said Smith as principal and interest of the note.

The defendant contended that the condition on the note related to the money that said Hull or Thaddeus should or might pay on the note to Smith, and also, to the time and expense in paying the same; and as the deposition showed that they, the said Hull and Thaddeus, paid the note when it became due, that the payment aforesaid should be treated as payment of the note of $50, described in the declaration; and the Chief Judge so instructed the jury, who found a verdict for the defendant.

To this charge of the Judge the plaintiff excepted.—Whereupon, the case comes here for revision.

The opinion of the Conrt was pronounced by

BAYLIES, J.—The bill of exceptions in this case, shows, that *Hull Nims* and *Thaddeus Colman,* on the 7th September, 1820, gave their joint and several note, promising to pay *Samuel Henry,* or order, $2200 in five years from the first day of April then next, with interest annually; also that this note was endorsed by Henry to *Oliver Smith,* who paid Henry the full amount of the note in money.

Moreover, the bill of exceptions shows, that on the 18th October, 1820, *Thaddeus Colman* gave his note to *Samuel Henry* to pay him $50 in six years from date; and upon this note was written, " The condition of this obligation is such, that if *Samuel Henry* shall well and truly pay a note signed by *Hull Nims* and *Thaddeus Colman,* payable to *Oliver Smith,* of Hatfield, for the sum of $2200, in five years from the first of April next, with interest, dated September, 1820, then *this obligation to be in full force.* But if the said *Hull* or *Thaddeus* shall expend any time or money in consequence, then so much to be deducted therefrom."

WINDHAM,
February,
1833.

Henry
vs.
Colman.

*Samuel Henry* has brought his action against *Thaddeus Colman* on this $50 note, and we are called upon to settle the rights of the parties. It is obvious, that by the condition annexed to the $50 note, *Samuel Henry*, if he paid the large note of $2200 to *Oliver Smith*, was entitled to collect the $50 note of *Thaddeus Colman*, except what should be deducted from said $50 note for time or money expended by said *Hull* or *Thaddeus* in consequence of their having signed the $2200 note.

If the $50 note was to be in force on *Samuel Henry's* paying the large note of $2200 to *Oliver Smith*, (and this *seems* to be the condition) then Henry, before he can collect the $50 note, must show that he has paid the $2200 note; for it is on such payment only, that the $50 note is " *to be of full force.*" And it is to be inferred from the condition of the small note, that if Henry did not pay the large note, the small one was not to be in force. The deposition of *Oliver Smith* shows, that *Nims* and *Colman* paid the large note; therefore Henry can have no claim on the small note.

We consider this construction to be the meaning of the parties to the $50 note, which should be carried into effect.

Judgement of the County Court is affirmed.

*Roberts*, for plaintiff.

*Kellogg*, for defendant.