RUTLAND,<br>
*February,*<br>
1836.<br>
Adams<br>
*vs.*<br>
Newell et al.

---

RUTLAND,<br>
*February,*<br>
1836.

### HART and CARD *vs.* ORANGE GREEN.

If a note be made payable at a particular place, a presentment and demand are not necessary, to entitle the holder to recover against the maker.

This was an action on note, dated Jan. 4, 1834, at Danby, and made payable to the order of the plaintiffs in nine 'months from date, at the Bank of Manchester. The declaration is in common form describing the note as payable at the Bank of Manchester, without averring, that it was presented for payment at the time and place. To this declaration there was a demurrer, and the court overruled the demurrer and gave judgment for the plaintiff.

To this decision exception was taken by defendant, and the only question raised was, whether in a declaration on note, payable at a particular place, it is necessary to aver and prove presentment at the time and place.

*Merrill and Ormsbee for defendant.*—When the place of payment is fixed in the note, it is necessary for the holder to recover upon the note, to present it at the time and place when and where it is made payable.

If such presentation is necessary, it must be averred in the declaration, and without such an averment, the declaration is demurrible.—4 Vt. R. 313, *Eastman* vs. *Potter* and cases there cited.— *Aldis and Gadcomb* vs. *Johnson*, 1 Vt. R. 136.—*Sanderson* vs. *Barnes*, 14 East. 500.—*Dickinson* vs. *Barnes*, 16 East. 110.

*R. H. Waller for plaintiff.*—By the English practice it has been considered necessary before any legislation on the subject, to aver and prove presentment at the time and place of payment; but now by the 1st and 2d stat. Geo. IV, chapt. 78, bills of ex-

RUTLAND,
*February,*
1836.

Hart & Card
*vs.*
Green.

change, accepted payable at a particular place, are regarded as general acceptances, and a demand is good any where unless it be expressly qualified by the acceptance that the bill is to be paid at a particular place and *not elsewhere.* The distinction taken between promissary notes and bills of exchange payable at a particular place, was done away by a decision in the House of Lords which gave rise to this statute.—Notes to 3 Kent's Com. p. 64, 69 70.

In the state of New York, in *Wolcott* vs. ———— ————, 17 John. R. 248, and 8 Cowen R. *Caldwell* vs. *Cassidy* 271, it has been decided that though a bill or note be made payable at a particular place, it is not requisite for the holder to aver or prove demand of payment at the place.—3 Kent's Com. p. 66. See also a decision in the supreme court of the U. S., *Bank of the United States* vs. *Smith,* 11 Wheat. R. 171, where this principle is virtually recognized, though the point was not directly in issue. And why should a demand at the time and place be averred in this case any more than if the note had been payable directly to the Bank of Manchester, or directly to an individual in Manchester? Where a note is made payable to an individual, his residence is supposed to be the place of payment, and if the note on the face of it is not payable on demand at his residence, a demand need not be made. This note is not payable on demand at the Bank of Manchester; but is payable in nine months from date at Manchester. The rule of practice in this state is, that where a note is payable at a particular time and place, it is the duty of the maker of the note to be there to pay it, and no formal demand is necessary. This question has never been directly decided by the supreme court of this state, and it is of importance that the law on this subject should be fixed and certain. And if there was no reason for the distinction between a note payable at a particular place and a bill of exchange accepted, payable at a particular place, it is believed that the distinction between a note payable to A. B. at the Bank of Manchester and one payable to the Bank of Manchester as respects the pleadings, is equally unfounded.

If the defendant has deposited or tendered money he can avail himself of that as a defence ; whereas on a demurrer, he admits all the facts necessary to charge him and suspends the administration of justice upon a mere technicality when it can be as substantially and more certainly administered without it.

The opinion of the court was delivered by

PHELPS, J.—The only question raised in this case, is, whether it was necessary to aver a presentment of the note in question, at

the Bank of Manchester where it was made payable, and a demand of payment there. This could be necessary, only upon the the assumption that a presentment there was necessary, as a condition precedent to the plaintiff's right of recovery.

RUTLAND,
*February,*
1836.

Hart & Card
*vs.*
Green.

Upon this question as to the necessity of such presentment, which has been much litigated, there has been great diversity of opinion, the King's Bench in England holding one way, and the Common Pleas another. The controversy was carried into the House of Lords where a final decision was had, establishing the necessity of a presentment, and this was followed by an act of Parliament, dispensing with it. In the state of New York it has been held, by the supreme court that a demand at the place of payment was not necessary. And this in our judgment is the better opinion.

Without involving ourselves in the abstruse reasoning on this subject, it is sufficient to say, that we regard the note as designating a place of payment, and, so far as this designation is of any practical importance, we are disposed to give effect to it. The promise is to pay money at the Bank of Manchester. An omission to pay at that place, is a breach of the contract. But while on the one hand, a presentment of the note there is not necessary, to enable the defendant to perform, so, on the other, it is not necessary in order to ascertain whether the money has been deposited there. The defendant may have made the note payable there for his own convenience. If so, he may deposit the money there, and his promise is performed. There is no doubt that he could avail himself of such deposit, as either a payment or tender. If he do not leave the money, he, by his own act, renders a presentment there unnecessary and nugatory. On the other hand, the plaintiff if he sue without such presentment, sues at his peril. If the money have been deposited there the contract is satisfied; and, if not, the debt is unpaid, and he is entitled to recover.

The only practical importance, therefore, which we can attach to this designation is, that it enables the defendant to pay at that place, if he chooses, if not, his contract is broken, and he is liable to a suit.

It would do violence to the contract to hold, that a presentment, on the precise day when the note became payable, was necessary.

This would render the promise conditional instead of absolute and in strictness the debt would be lost if the condition precedent is not performed. Such could not have been the intent of the parties. The debt is payable absolutely. The place of pay-

25

Rutland,
February,
1836.

Hart & Card
vs.
Geen.

ment is a matter of convenience. We think every rational purpose is answered by this view of the subject, and, as between the original parties, we think no presentment is necessary.

The rule would doubtless be different as between endorser and endorsee, for their presentment and demand are in the nature of a condition precedent.                           Judgment affirmed.