Fletcher v. Blodgett.

⟶⟶⟶❧❦⟵⟵⟵

FREDERIC FLETCHER *v.* ARIEL BLODGETT.

A memorandum on the margin of a promissory note, made at the time of signing, will be considered a part of the note, if it contain an important qualification of the contract.

It will be presumed that such memorandum was made at the time of signing, unless the contrary appear. REDFIELD, J.

ASSUMPSIT on promissory note. Plea, the general issue, and trial by jury.

On trial, the plaintiff gave in evidence the note declared on, which was in the words following.

"*Payable* in merchantable fulled cloth one year from the month of October next." { "$41,50. Jericho, April 15, 1840. For value received I promise to pay Frederic Fletcher, or bearer, forty one dollars fifty cents one day after date, with interest annually."          (Signed)     "A. BLODGETT."

Fletcher *v.* Blodgett.

The defendant offered evidence tending to prove, that, on the first day of October 1841, he tendered to the plaintiff good merchantable fulled cloth sufficient to pay the note, which the plaintiff refused to receive in payment of the note, accompanied also with evidence that the body of the note, and also the memorandum on the margin, was in the hand writing of the plaintiff, and that, when the note was given, it was agreed between the parties that it might be paid in merchantable fulled cloth in one year from the month of October 1840, and that the memorandum was made at the time the note was given. The body of the note, except the sum and date, was printed, and also the word "Payable," in the margin.

The County Court excluded the testimony offered, and a verdict was returned for the plaintiff. Exceptions by defendant.

*Shaw & Weston* and *Hyde & Peck* for defendant.

1. The body of the note and the memorandum on the margin having been both written by the plaintiff at the same time, we contend that the memorandum should be taken as a part of the note, and should control the time and mode of payment. *Jones* v. *Fales,* 4 Mass. 245. *Henry* v. *Colman,* 5 Vt. 402. *Heywood* v. *Perrin,* 10 Pick. 228. *Tuckerman* v. *Hartwell,* 3 Greenl. 147, cited in note to Chit. on Bills, 7th Am. Ed. 257. *Trecothick* v. *Edwin,* 2 E. C. L. 470. *Garnett* v. *Woodcock,* Ib. 473. 2 Cow. & Hill's notes to Phil. on Ev. 1422. This question was so decided by PRENTISS, J., in Orleans County some years since, and afterwards by PADDOCK, J., in the same county.

2. If the memorandum did not, *per se,* control the time and mode of payment, but only operated to make the contract contradictory and inconsistent, then it was open to explanation by oral testimony; and the testimony offered by the defendant should have been admitted by the Court below, to show the intention of the parties.

——————— and *F. G. Hill* for plaintiff.

The note is a complete instrument, independent of the memorandum; and it is well settled law that a memorandum upon such a note is no part thereof. Bayl. on Bills, 25, and cases cited in notes.

Fletcher *v.* Blodgett.

In an action on a note payable generally, a memorandum specifying a particular *place* of payment is no part of the contract; and, if the plaintiff declare on the note as payable at the place named in the memorandum, he will be nonsuited on the ground of *variance. Exon* v. *Russell,* 4 M. &. S. 507. *Saunderson* v. *Judge,* 2 H. Bl. 509. *Williams* v. *Waring,* 10 B. &. C. 2. The fact, that the memorandum was made at the *time* of the execution of the note, does not vary the rule. 10 B. &. C. 2. The case of *Rowe* v. *Young,* 2 Brod. &. Bing. 165, was that of an *acceptance* of a bill of exchange; which is not a mere memorandum, but an original and independent undertaking. The cases of *Jones* v. *Fales,* 4 Mass. 245, and *Heywood* v. *Perrin,* 10 Pick. 228, are all that can be found to favor the defendant's position; and they fall far short of the present case.

The memorandum and note are contradictory in the two important points of *time* and *mode* of payment, and cannot be reconciled, or, upon any sound rule of construction, regarded as an entire contract. A memorandum naming a *place* of payment, although in no respect contradicting the note itself, has been held to be a mere *nullity.* Still more, then, should one like the present be rejected, which is utterly repugnant and contradictory to the entire instrument.

No connection between the note and memorandum could be established without admitting parol evidence; and, if *admitted,* and the *time* and *mode of payment* named in the memorandum be thereby proved,—these being totally repugnant to the time and mode named in the body of the note itself,—it would violate one of the best settled principles of law,—viz. that parol evidence cannot be received to *add to* or *vary* the terms of a written instrument. *Bradley* v. *Anderson,* 5 Vt. 152. *Bradley* v. *Bentley,* 8 Vt. 243. *Isaacs* v. *Elkins,* 11 Vt. 679.

The opinion of the court was delivered by

REDFIELD, J. It is not necessary, I apprehend, in the present case, to examine the question how far a memorandum, at the bottom of a note or bill, of the place of payment *merely,* is to be considered a part of the contract. The conflict in the decisions of the English

Fletcher *v.* Blodgett.

courts, as well as the American, (which in England was put at rest by the statute of 1 and 2 George IV, and, as is supposed, in this country, by the decision of the United States Supreme Court in *Wallace* v. *McConnell*, 13 Peters, 136,) has led to some evasive decisions in regard to the effect of a mere memorandum of the place of payment. *Williams* v. *Waring*, 21 Eng. Com. Law 11, which professes to follow the case of *Exon* v. *Russell*, 4 M. & S. 505, treating such a memorandum as a nullity, is a case of that character. This subject, of the necessity of the presentment of a bill, or note, at the place of payment, is very elaborately discussed by Chancellor Kent in a note to the last edition of his Commentaries, vol. 3, page 99, and the effect of such a memorandum is also incidentally alluded to by him, and the cases fully collected, at page 98. In this state it was decided many years since that such presentment was not necessary in the case of a promissory note, in order to recover against the maker. *Hart et al.* v. *Green*, 8 Vt. 191. In regard to the question of the effect of such a memorandum in charging an indorser, the question is still open, and is not necessary to be here decided.

But in regard to the question whether a memorandum, at the bottom of the note, or bill, has the same effect as if inserted in the body of the contract, when the memorandum contains any thing more than the place of payment, the cases are all one way, so far as they have come under the consideration of the court. By this is meant those memoranda which are made at the time of signing the contract, (and it is to be presumed that they were then made, unless the contrary appear,) and which form important qualifications; and especially when these are for the ease of the maker. The cases from Massachusetts of *Jones* v. *Fales*, 4 Mass. 245, and *Heywood* v. *Perrin*, 10 Pick. 228, fully sustain this view.

We do not perceive why the case of *Henry* v. *Coleman*, 5 Vt. 402, is not an authority, in principle, controlling the present case. It is true the condition, or memorandum, was there written, as would seem, upon the back of the note. But why that should vary the effect of it is not easily perceived. Courts must view these matters, in some sense, as business men do, else we could never hope to do justice between the parties to contracts. Contracts

Follett et al. *v.* Steele.

must be so interpreted as to speak the sense of the parties. How then is it possible to imagine that the defendant in this case, or the plaintiff, even, at the time of taking the note, considered it to be an absolute promise to pay a sum of money *one day after date*, when, by a memorandum in the margin, it was expressly made payable *in fulled cloth, one year from the month of October after date*. All the important portions of the contract are expressed in the memorandum on the margin. And in looking at the original contract, which is sometimes important in giving it a construction, unless we would make ourselves slow of understanding in matters which every body else understands at the first blush, there is no difficulty in the case. The parties wished to make a contract, payable in fulled cloth, on time, and, having blank notes at hand made payable generally "one day after date," with a large margin, and the word payable printed there,—in order to qualify this *payability*, when necessary,—they filled the blank with date and sum, and inserted the time and mode of payment in the margin where the blank indicated. It was then signed, without erasing the words "one day after date."

We have not thought it necessary to examine at all the question of the sufficiency of the tender, as that might have been kept good during the month of October, and in that case would have been good. *Gilman* v. *Moore*, 14 Vt. 457. The case was no doubt decided in the county court upon the insufficiency of the tender; but as that does not fully appear, judgment is reversed and a new trial granted.