20 419
96 418

## WEISBROD VS. THE CHICAGO AND NORTH-WESTERN RAILWAY COMPANY.

*Estoppel by recorded plats—Admissions by attorney at the trial as to amount of damages, not binding at subsequent trial.*

1. The plat of M.'s addition to a city, recorded in 1847, showed a street on the *east* side 40 feet in width. The plat of C.'s addition to the same city, recorded in 1848, showed a street on the *west* side 40 feet in width, which, together with the 40 feet on the east side of M.'s addition, was represented as constituting one continuous street 80 feet in width. There was nothing on the plat, nor any monument on the land, to indicate that there was any space between the two platted tracts; but there was in fact an intervening strip of 27 feet belonging to M. The whole space of 107 feet has been used as a public street since that time, and lots have been sold on each side with reference to said plats. *Held*, that M. and those claiming under him are *estopped* from setting up title beyond the actual center of the street, as against persons who purchased lots on the opposite side of the street, after the recording of said plats, without actual notice of M.'s title to said strip. DOWNER, J., dissents.

420        SUPREME COURT OF WISCONSIN,

Weisbrod vs. The Ch. & N. W. R. R. Co.

2. An admission by defendant's attorney on the trial of a cause, as to the *amount* of plaintiff's damages in case he was entitled to recover at all, does not bind the defendant at a subsequent trial.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment for a strip of land in Broad street, in the city of Oshkosh. A report of the decision of this court upon a former appeal will be found in 18 Wis., 35, to which reference is made. On the second trial the plaintiff was permitted, against objection, to testify that on the former trial, M. A. Edmonds, Esq., the defendant's attorney, stated "that if the plaintiff was entitled to recover, the measure of damages was the amount claimed in the complaint;" and also testified that this admission was not restricted to that trial; and the jury were instructed that they might take this admission into consideration in determining the question of damages. The court ruled out all evidence on the part of the defendant to show title in the land in Miller, and a license from Miller, or those claiming under him, to defendant, on the ground that "the question of title to said land had already been determined in this case by the decision of the supreme court."

Verdict and judgment for the plaintiff; and the defendant appealed.

*Gabe Bouck*, for appellant.

*Whittemore & Weisbrod*, for respondent.

DIXON, C. J. The former opinion in this case (18 Wis., 35) as to the effect of the recording of the plats and the sale of lots according to them as there stated, is adhered to, and is to be taken for just what it decides: namely, that Miller, and those claiming title under him to lots on the west side of Broad street, are estopped from setting up title beyond the center line of that street, as against persons who purchased lots on the opposite side of the street after the plats were recorded and without actual notice of Miller's title to the strip of land in the center of the street not indicated by the plats. In deciding this point, we assume now, as we did then (the bill of excep-

tions not purporting to contain all the evidence, and no such question being made), that the plaintiff proved that he paid a valuable consideration for the lots, and that evidence was given, if direct evidence on his part for that purpose is necessary, to show that he purchased without actual notice of Miller's title to the strip not indicated by the plats.

But though the record shows no error in this respect, we think it clearly does in another. We think the court mistook the effect of the admission of Mr. Edmonds, the attorney for the defendant upon the former trial, as to the amount of damages sustained by the plaintiff. Such admissions are frequently made for the purpose of saving time, where counsel are confident of success upon some other point; and when so made, they are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial. Such was the character of the admission proved, and the court erred in receiving it as evidence of the amount of damages to be recovered by the plaintiff upon a new trial.

*By the Court.*—Judgment reversed, and a new trial awarded.

DOWNER, J. I dissent from so much of the opinion of the court as approves and affirms the former opinion. The latter may be binding on us in this case, but I think it erroneous.