A. W. LONG v. WILLIAM HINES *et al.*[*]

UNPLANTED CORN—*Chattel Mortgage Thereon—No Lien.* Where a chattel mortgage is given upon an unplanted crop of corn, which is afterward planted and grown, but before possession is taken thereof by the mortgagees a creditor of the mortgagor causes an execution to be levied thereon, *held*, that the mortgage created no lien on the corn which will defeat the levy of the execution, and the fact that the mortgage was filed for record before the levy was made will not charge the execution creditor or subsequent purchasers with notice.

[*]Syllabus and opinion herein, filed on January 7, 1888.

*Error from Miami District Court.*

On March 7, 1885, Daniel Hines executed and delivered to *William* and *Joseph Hines*, defendants in error, a chattel mortgage upon property described as follows: "Forty acres of growing flax, and forty-five acres of growing corn, on the southwest quarter of section 7, township 19, range 22, in Miami county." The consideration therein being to secure said William and Joseph Hines from loss by reason of their indorsement of two notes aggregating $300. Said chattel mortgage was duly filed for record on March 9, 1885. On October 21, 1885, plaintiff in error, as constable, levied upon forty-five acres of growing corn on the land above described, as the property of Daniel Hines, by virtue of an execution issued by a justice of the peace of the city of Paola, in said county, on a judgment duly rendered before said justice against Daniel Hines. On November 7, 1885, the defendants in error commenced this action of replevin in the district court of Miami county, against said constable for the possession of said forty-five acres of corn claimed by them as the corn described and named in the chattel mortgage from Daniel Hines to them. At the time of the execution of said chattel mortgage, neither the flax nor the corn mentioned therein had been planted. Afterward forty-five acres of corn were planted, and forty acres of flax sown. It was agreed that the corn mentioned in the chattel mortgage was the same corn which was afterward planted by Daniel Hines, and the same that was levied upon by execution, and that prior to the levying of said execution nothing had been done by said mortgagees toward taking possession of the corn, and that nothing had been none by the mortgagor and mortgagees toward ratifying or making valid said chattel mortgage.

Trial by the court, at the February term, 1886, and judgment rendered in favor of the mortgagees for the possession of the corn. The constable brings the case here for review.

*Thos. M. Carroll,* and *W. H. Sheldon,* for plaintiff in error.
*W. T. Johnson,* for defendants in error.

Opinion by CLOGSTON, C.: This was an action commenced by the defendants in error to recover possession of forty-five acres of corn claimed by them by virtue of a chattel mortgage executed before the corn described in the mortgage was planted or had any existence. Can this claim be upheld? We think not. A valid mortgage can only be given upon property which has an actual or potential existence; and corn not planted has neither an actual nor potential life; and being without life or existence, there could be no legal transfer, present or prospective; and no pretended transfer could operate upon the crop of corn after being grown; at least, not until after taken possession of by the mortgagees. In this case there was no claim of any change of possession. Section 9 of an act in relation to chattel mortgages is as follows:

"Every mortgage, or conveyance intended to operate as a mortgage of personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited in the office of the register of deeds, in the county where the property shall then be situated, or if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident."

The object of recording a chattel mortgage is to impart notice that the mortgagee has a lien and claim upon the property mortgaged; and where a mortgage is recorded that is given upon a crop of grain not planted, the mortgage so filed and recorded does not impart a notice that the mortgagee claims an interest therein, but it is a direct notice that no mortgage lien is created, and that the mortgagee claims he has no interest therein, and in substance as if the mortgagee had there stated that he had no lien or claim or interest in the mortgaged property, for the reason that the property had no actual or potential existence at the time it was so mortgaged. In *Jones v. Richardson*, 10 Met. (Mass.) 493, it was said:

"Now it is clear, we think, that the record of a mortgage

deed is no sufficient notice of a legal incumbrance as to subsequently acquired property; because, by law, no such property could be sold or conveyed thereby; and it would furnish no notice that any property would be afterward purchased, or if purchased, that any act would be done to ratify the grant in that respect. As to such property, therefore, the mortgage could not be valid, except as between the parties thereto, unless such goods were delivered by the mortgagor to the mortgagee, with the intention to ratify the mortgage, and the mortgagee retained open possession of the same until the time of the attachment."

Also in *Single v. Phelps*, 20 Wis. 419, it was held:

"If there was no mortgage of file, then by the imperative operation of the statute the title of the purchaser must prevail. Now it is conceded that property not in existence is incapable of legal transfer, and that an instrument purporting to transfer it by way of mortgage, conveys nothing. What then was the mortgage upon file in the clerk's office? Clearly not a mortgage, but an instrument inoperative and void as such by its very terms. He has then no mortgage on file, and both the conditions upon which his rights depend, by statute, as against the purchaser, are wholly wanting."

(See also *Cameron v. Marvin*, 26 Kas. 612, 628, 629; *Mowry v. White*, 21 Wis. 417; *Cudworth v. Scott*, 41 N. H. 456; *Cressey v. Sabre*, 17 Hun, 120; *Gittings v. Nelson*, 86 Ill. 591; *Tomlinson v. Greenfield*, 31 Ark. 557; *Chapman v. Weimer*, 4 Ohio St. 481.)

This mortgage being void, and the property subject to execution, it was properly levied upon, and the right of possession was in the plaintiff in error.

It is recommended that the case be reversed, with an order to the court below directing that judgment be rendered for the plaintiff in error for the possession of the property, or for the amount of plaintiff's claim and costs.

By the Court: It is so ordered.

All the Justices concurring.