OTTO KURTH *et al.* v. THE FARMERS AND MERCHANTS STATE BANK.

No. 15,430.    (94 Pac. 798.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Memorandum Written on Back at Time of Execution.* A memorandum written on the back of a promissory note at the time of execution which limits its consideration, affects its operation, and was intended to be a part of the contract, must be regarded as a substantive part of the note.

2. ——— *Verified Denial of Execution — Contemporaneous Indorsements.* A verified denial of the execution of a promissory note is sufficient to put in issue the execution ·as well as alterations of indorsements of credits written on the back of the note contemporaneously with its execution and before its delivery.

77    475
i79   101

77    475
f81   904

Error from Riley district court; SAM KIMBLE, judge. Opinion filed March. 7, 1908.   Reversed.

*Robert J. Brock, W. H. Rossington, Charles Blood Smith,* and *Samuel Barnum,* for plaintiffs in error.

*C. B. Daughters, A. M. Story, A. A. Godard,* and *H. E. Valentine,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:  In an action brought by the Farmers and Merchants State Bank of Leonardville, Kansas, to recover on a promissory note executed by Otto Kurth and ten others, the bank in its petition set out the following copy of the instrument:

"$600.              RILEY, KAN., December 15, 1904.

"Jan. 1, 1906, after date, for value received, we jointly and severally promise to pay Robert Burgess and Thos. Lukyn, or bearer, six hundred dollars at the ———, with interest at six per cent. per annum, interest payable annually, negotiable and payable without defalcation or discount.

| | |
|---|---|
| OTTO KURTH, | GUSTAV KURTH, |
| BERNHARD POLLMAN, | RICHARD MEYER, |
| H. F. FOSHA, | T. E. PIERCE, |
| P. A. JOHNSON, | HENRY STONGE, |
| WILLIAM KEITH, | M. SWART." |
| EDWARD KIENINGER, | |

The note was indorsed on the back as follows:

"By cash  T. E. Pierce, $5, five dollars.
  By cash  Hy. Stonge, $5, five dollars.
  By cash  M. Swart, $5, five dollars.
  By cash  Wm. Keith, $10, ten dollars.
      Without recourse.
  Robt. Burgess & Lukyn.
  Robert Burgess & Thos. Lukyn."

The defendants' answer was, first, a general denial; second, an averment that before the note was executed and delivered the payees caused to be indorsed on the back of the note the following indorsements:

"By cash  T. E. Pierce, $50.
   "     "    Henry Stonge, $50.
   "     "    M. Swart, $50.
   "    ·"    Wm. Keith, $100."

They also alleged that since the execution and delivery of the note the indorsements were so altered as to make it appear that Pierce, Stonge and Swart were each credited with only $5 and Keith with only $10; and that these alterations were made without the knowledge or consent of the makers.  The third defense was a denial of the execution of the note as set forth by the bank; and, fourth, a defense relating to the insurance of the horse for the price of which the note was given.  There was a verification of so much of the answer as denied the execution of the note, but no specific denial of the indorsements on the back of the note.

At the opening of the trial it was admitted that each of the defendants signed the note in suit; and after proof had been offered by the bank tending to show that it purchased the note before maturity and without notice of any defenses, and that the note then bore the indorsements that are on it at present, the bank rested its case.  The defendants then proposed to show that the indorsements had been altered, and that at the time Pierce, Stonge and Swart signed the note there were indorsements written on it crediting each of them with the payment of $50 and that when Keith signed it he was credited with the payment of $100. This testimony was refused, the court ruling that the verification of the count denying the execution of the note was not a verified denial of the allegation of the execution of the indorsements on the back of the note. The defendants then asked leave to amend their answer by verifying the count relating to the alteration of the indorsements, but the court held that it was not warranted in allowing the amendment, because of the lateness of the application and for the reason that the amendment would introduce a new defense.  Exceptions to these rulings were taken and error is predicated on them.

Were the allegations as to the execution of the indorsements put in issue by the verified denial of the

execution of the note or did the indorsements stand admitted as pleaded? It is alleged that the indorsements of credits on the back of the note were written there contemporaneously with the signing of the note, by the persons to whom credits were given. Indorsements placed upon a note at the time of execution and before delivery which limit the obligation and qualify its operation become a substantial part of the instrument itself. The note did not rise to the rank of an obligation until it was delivered, and the makers are only bound by such conditions and obligations of the note as were written on it at the time of delivery. They had signed the note, it is true, but if the note executed was materially altered after execution it cannot be said to be the note which was executed. If the memoranda entered on the back of the note before delivery fixed the amount of the obligation which the makers were to pay, and the memoranda were altered so as to increase the obligation, it was no more the note of the makers than if the consideration named on the face of the instrument had been fraudulently changed and increased. The alleged indorsements reduced the amount named on the face of the note from $600 to $350, and these indorsements of credit qualified the instrument as effectively as if the consideration named on the face of the note had been changed. The alterations, therefore, affected the integrity of the note, and a verified denial of the execution of the instrument put its genuineness in issue and authorized the makers to show that the note which they signed was not the one in suit. The indorsement of a payment on the back of a note has been held to be a material alteration thereof, and of the effect of an indorsement made prior to a delivery it has been said:

"Generally speaking, every indorsement or memorandum attached to a writing, with the knowledge of the parties, at the time of its execution, is as much a part of such writing as if it had been contained in the body of the instrument. Hence where a note has a memorandum or contract of this kind, which qualifies

Kurth v. Bank.

its terms, written upon or attached to it, the obliteration or severance of such memorandum or contract is a material alteration of the note." (2 A. & E. Encycl. of L. 228.)

The force of words and memoranda on commercial paper is not to be determined by the part of the instrument upon which they may chance to be written. Daniel in his work on Negotiable Instruments says:

"It seems that the purport of the instrument is not only to be collected from 'the four corners,' but from 'the eight corners,' a memorandum on the back, affecting its operation, being regarded the same as if written on its face." (1 Dan. Neg. Inst., 5th ed., § 151.)

The code provision affecting the question is that "in all actions, allegations of the execution of written instruments and indorsements thereon . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Civ. Code, § 108; Gen. Stat. 1901, § 4542.) The fact that the code mentions written instruments and the indorsements thereon separately, and the further fact that the memoranda in question were in form indorsements, is not controlling. Even if the entries on the note might have been treated as indorsements under the code provision, still, if in fact they are a part of the instrument itself, a denial of the execution of the instrument puts every part of the instrument, including the indorsements, in issue. If the memoranda on the back of the note were made when the note was made, and if they limited its consideration and affected its operation and were intended as a part of the contract, they must be regarded as a substantive part of the note, and hence the testimony offered for the purpose of proving the alteration of these indorsements should have been received.

This is the conclusion of the court, but the writer is of the opinion that a specific denial of the indorsements was necessary to put their execution in issue. The ordinary meaning of the term "indorsement" is

something written on the back of an instrument, like a deed or note. In one sense everything written on an instrument is a part of the instrument, and in one way or another every indorsement on a note affects the instrument, but that fact does not determine that an entry of credit on the back of a note is not a code indorsement. The code, aiming at certainty, provides that the execution of indorsements, as well as the instruments upon which they are written, shall be taken as true unless denied under oath. In the view of the writer the entries of credits on the back of the note were indorsements within the meaning of the code. The note is complete in form without any indorsement, and since no date is attached to the indorsements it may be presumed that they were made after the delivery of the note. These indorsements were ordinary entries of credit, were no part of the body of the note, and were simply receipts for so much money. They are no more a part of the instrument than if the payee had signed separate receipts in favor of each of the four makers entitled to credit and had attached them to the note, and if that had been done it would hardly be contended that a denial of the execution of the note would put the execution of the receipts in issue.

The court, however, in view of the averment that the indorsements were made contemporaneously with the execution of the note and before its delivery, deems them to be a part of the note, and therefore concludes that the denial of the execution of the note put the indorsements in issue.

The judgment of the district court is therefore reversed and the cause remanded for a new trial.

BURCH, MASON, PORTER, SMITH, GRAVES, BENSON, JJ., concurring.

JOHNSTON, C. J., dissenting.