[No. 6095.]

## FLORANCE v. WILSON.

1.  Appeals—When the Facts Will Be Examined—A finding supported by sufficient testimony will not be disturbed.—(429)

2.  Chattel Mortgage—Who May Question—The officer who levies upon the goods of B under execution against A will not be heard to question the description thereof in a mortgage given by B to C, nor to contend that the goods were not in-being when the mortgage was executed, but a crop to be afterwards grown. —(429)

*Appeal from Weld District Court*—Hon. James E. Garrigues, Judge.

Mr. Harry E. Churchill, for appellant.

Mr. F. J. Green, and Mr. Harry T. O'Connor, for appellee.

Chief Justice Steele delivered the opinion of the court:

The sheriff of Weld county having levied upon the interest of O. C. Williams in certain property under an execution against O. C. Williams, Thomas H. Wilson, claiming to be the owner of a chattel mortgage upon the same property from C. A. Williams, mortgagee, entitled under the terms of his mortgage to immediate possession thereof, brought this action in replevin against the sheriff, and the property was delivered by the coroner to the plaintiff, the appellee here.

In the answer the sheriff set up the judgment and execution, and alleged that the property levied upon was the sole property of O. C. Williams, and that C. A. Williams pretended to own the same, and that she pretended to mortgage the same to the plaintiff pursuant to an agreement with O. C. Williams, her husband, for the purpose of defrauding her husband's creditors, with the knowledge of the plaintiff. Further, that the mortgage was void for want of proper description, and that that portion of the mortgage purporting to mortgage a crop of potatoes was void because the seed had not been planted at the time the mortgage was given.

It was further alleged that the note given by O. C. Williams upon which the judgment against him was based, was for groceries furnished for the household of O. C. Williams and C. A. Williams, and that her property was liable therefor.

The replication put in issue the allegations of

new matter in the answer. The court found the issues joined for the plaintiff, and the defendant has appealed.

The court found that the allegations of fraud had not·been established; that there was not sufficient proof that the account for groceries furnished O. C. Williams was properly chargeable against Mrs. Williams, because there was not established that they were furnished subsequent to the enactment of the statute making the husband and wife jointly and severally liable for the expenses of the family. The court further found that the mortgage was *bona fide,* and that Wilson was a *bona fide* mortgagee for value without notice. These findings of the court settle the controversy. There was ample testimony to support the findings, and we cannot, of course, disturb them.

The court held that the mortgage, because taken upon property not in existence and because of the insufficient description, was void as to third persons, but he also held it good as between the parties. As the property levied upon was not the property of the judgment debtor, the judgment creditor cannot complain that the description in the mortgage was defective, or that the mortgage was taken upon a crop to be grown. The mortgagor was not complaining. She appeared as a witness, and identified the property levied upon as the property she had mortgaged. As no one having a right to do so complained, the mortgagee was entitled to the immediate possession of the property. Although the mortgage might be declared void as against the mortgagor, it was good between the parties, and the court correctly adjudged that the property should be retained by the plaintiff.

For the reasons given the judgment is affirmed.

*Affirmed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.