## No. 10,268.

### WHITTIER, AS SHERIFF v. FIRST NATIONAL BANK OF STERLING.

Decided April 2, 1923.

Action in replevin.   Judgment for plaintiff.

*Affirmed.*

1. BILLS AND NOTES—*Promissory Note—Demand.* A note payable on demand may be sued on without demand for payment.

2.      *Promissory Note—Construction.* A promissory note payable
"on demand after date," bore a marginal notation, "due 2/29/19,"
which date the holder changed to "3/1/19." The note was se-
cured by chattel mortgage. It is held that in construing the
note, the marginal notation must be considered, together with
the contemporâneous mortgage; that the note was not due when
made, but was due March 1, 1919. Further held that the change
in the marginal notation was not material.

3.      CHATTEL MORTGAGE—*Notice.* A party may rely on the record of
a chattel mortgage only when he has no actual knowledge of
the true facts.

    As to third parties, notice of a chattel mortgage lien is im-
material after the expiration of thirty days from the date of
maturity of the mortgage debt.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Mr. S. E. NAUGLE, Mr. M. C. LEH, Mr. E. M. KELSEY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE bank had judgment in replevin against Whittier for certain horses, and he comes here on error. He was sheriff of Logan county and had levied an execution on the horses. The bank claimed them under a chattel mortgage.

August 20, 1918, one Clark gave the bank a note for $6,600, payable as stated in the body thereof "on demand after date" but it bore when made a marginal note, "due 2/29/19", which the bank's cashier, recollecting that 1919 was not leap year, afterwards changed to "3/1/19." The maker secured the note by the chattel mortgage in ques-tion, duly recorded, upon the horses and certain other per-sonal property including crops. The mortgage described the note as "due demand after date." It contains the usual provisions for sale on default, etc. The execution creditor, at the time of the levy, had actual notice of the note and

mortgage and that the debt was unpaid; he claims, however, that the note was a demand note and therefore due when made, that the thirty days allowed by statute after maturity to take possession of mortgaged chattels began to run then and that, after the thirty days had run without foreclosure, notice was immaterial so that any creditor with or without notice had a right to take them in execution free of the mortgage lien.

We agree that a note payable on demand may be sued on without demand, *Metropolitan State Bank v. Wright*, 72 Colo. 106, 209 Pac. 804. The rule is old and well established, it being said, though somewhat illogically, that the suit is demand enough. We may also concede, without deciding, that the statutory thirty days begins to run on the date of such note if it be secured by chattel mortgage; but the note must be construed with its marginal notation, (*Barnard v. Cushing*, 4 Metc. (Mass.) 230, 38 Am. Dec. 362; *Costelo v. Crowell*, 127 Mass. 293, 34 Am. Rep. 367; *Iron City Nat. Bank v. McCord*, 139 Pa. St. 52, 21 Atl. 143, 23 Am. St. Rep. 166, 11 L. R. A. 559; *Fletcher v. Blodgett*, 16 Vt. 26, 42 Am. Dec. 487, 14 Am. Dec. 232 note, 127 Am. St. Rep. 433, note; *Kurth v. Farmers etc., Bank*, 77 Kas. 475; 94 Pac. 798, 127 Am. St. Rep. 428 and note, 15 L. R. A. (N. S.) 612; *Henry v. Colman*, 5 Vt. 402), and with the contemporaneous mortgage (*Collins v. Shaffer*, 66 Colo. 84, 179 Pac. 152), and it is clear then that it was not due when made, but was due March 1, 1919, which was after the levy. The payee bank could not have maintained an action, nor (without some other breach of condition) a foreclosure, before March 1, 1919. We cannot say it ought to have done what it could not do.

It is claimed that, since the notation was on the note when signed, the change afterwards made vitiated the instrument. We think not, because the change in figures made no change in their meaning or effect. The date of maturity, February 29, 1919, would be construed most favorably to the maker and the note would be due March 1st. The change, therefore, was not material.

Plaintiff in error relies on *Metropolitan State Bank v. Wright, supra,* but that case does not support him. There the mortgage showed no due date, which was equivalent to "on demand", but the execution creditor had no actual notice of it, and, of course, there could be no constructive notice of anything not in the mortgage, so it had to be regarded, as against the creditor, as securing a demand note. In the present case the execution creditor knew of the note and had enquired of the bank about Clark's solvency before he got his execution or judgment, had learned of the debt and mortgage and there is evidence that the note in question had been shown to him; he knew therefore that it was not payable on demand, and the principle stated in *Metropolitan Bank v. Wright* has no application.

The claim that the question of notice is immaterial after the statutory thirty days, is right, but here is not the ordinary question of notice. The thirty days had not expired. If the creditor had been deceived by the recorded mortgage or if the plaintiff relied on constructive notice alone the former might still claim that as to him they had expired; but not when he knew that they had not. True, he had a right to rely on the record, but not when he knew the truth.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.