## No. 10,620.

## J. I. CASE THRESHING MACHINE CO. *v.* GLASS & BRYANT MERCANTILE CO.

Decided February 4, 1924.

Proceeding involving priority of liens of chattel mortgages.  Judgment for plaintiff.

### *Reversed.*

1.  CHATTEL MORTGAGES—*Unplanted Crops—Notice.*  While the filing of a chattel mortgage on crops not planted, gives no notice to a subsequent mortgagee whose mortgage is executed and filed after the crops are planted, if the subsequent mortgagee has actual notice of the prior mortgage, his lien will be held inferior thereto.

2.      *Notice.*  One may not rely on the constructive notice conveyed by the record of a chattel mortgage when he knows the truth regarding it.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. T. E. MUNSON, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a controversy between successive mortgagees of the same property by the same mortgagor.  Each mortgagee is claiming a right, prior to that of the other, to the proceeds of a crop of wheat, the mortgaged property, amounting to $409.99.

The first mortgagee is the J. I. Case Threshing Machine Company.  It holds two mortgages.  On August 21, 1920, it sold certain machinery to the mortgagor, and to secure a part of the purchase price it took a chattel mortgage on that date on the machinery sold and "two-thirds of all

crops grown" on a tract of land described in the mortgage. On September 7, 1920, it sold a tractor to the mortgagor, and took another chattel mortgage on the property sold and "two-thirds of the crops grown" on another tract of land.

The second mortgagee is the Glass & Bryant Mercantile Company. It took a chattel mortgage from the mortgagor in question on November 2, 1921, to secure an antecedent debt, on "700 bushels of wheat," being the wheat which had been grown on the lands described in the Case Company's mortgages.

The facts are all agreed to by a stipulation. The Case Company chattel mortgages were duly filed with the county clerk and recorder on September 15, 1920 and September 20, 1920, respectively. Other facts will be noted as they become involved in the consideration of this case.

The trial court awarded the proceeds of the wheat to the mercantile company. The Case Company brings the cause here for review.

At the time the Case Company mortgages were given, the crops had not yet been planted. If this fact, and the facts above mentioned, were all the facts involved in this case, then the judgment of the trial court would be right under the decision of this court in *First National Bank of Montrose v. Felter,* 65 Colo. 370, 176 Pac. 496. It was there held that the filing of a chattel mortgage "on crops not planted gave no notice to" a subsequent mortgagee whose mortgage was executed and filed after the crop was planted, and that a chattel mortgage on unplanted crops was void as against a subsequent mortgagee who had no other notice thereof except the record. This court there said, however, that if "it should appear that the defendant (the subsequent mortgagee) had actual notice, a different question would be presented." That different question is presented in the instant case, for here the mercantile company had actual notice of the Case Company's mortgages at the time it took its subsequent mortgage. That fact is agreed on.

In *Florance v. Wilson,* 46 Colo. 427, 106 Pac. 880, the court referred with apparent approval to the holding of the lower court that a chattel mortgage on an unplanted crop of potatoes was good as between the parties. In 11 C. J. 443, it is said that a chattel mortgage on unplanted crops "may confer a lien on the crop, on its coming into existence, which a court of equity will enforce against persons other than bona fide purchasers without notice." To this effect is also the Felter Case. We there said: "\* \* \* It is now well established that such an instrument is good in equity as against the mortgagor and all persons with notice, so that a mortgagee may take the crop when grown, provided no rights of innocent purchasers or incumbrancers have intervened."

This court then said that "this makes it necessary to consider whether or not the filing of such an instrument is notice," and it was held that the filing is not notice. In reaching that conclusion, we quoted with approval the following from 11 C. J. 435: "Actual knowledge is required, however, and the constructive knowledge furnished by recording the mortgage is insufficient against a bona fide purchaser."

In the instant case the subsequent mortgagee, the mercantile company, did have actual notice, but the trial court nevertheless held the lien of its mortgage superior to that of the prior Case Company's mortgages, and in making that ruling said, among other things, that it "is unable to see where actual notice imparts any more knowledge or information than constructive notice." The judgment below seems to be predicated on the proposition that actual notice imparted, in this case, the same information as the constructive notice, and since the constructive notice would avail the Case Company nothing under the decision in the Felter Case, neither would the actual notice. This is not consistent with the opinion in the Felter Case, for we held that "actual knowledge is required," and that record notice is insufficient, thereby indicating that there is a difference between actual and constructive notice. That difference

exists in the instant case. The mercantile company obtained actual notice of the Case Company's mortgages long after the crops were planted; its agent was informed by the mortgagor that the Case Company "held chattel mortgages on the crop." The crop was then in existence. This differs from the information imputed to the mercantile company by reason of the filing of the chattel mortgages of the Case Company in September, 1920. At the time of such filing, there was no property in existence, so far as the crops are concerned, and there was not, therefore, any lien on a crop, of which any subsequent incumbrancer could have notice by reason of the filing. *Long v. Hines,* 40 Kan. 216, 16 Pac. 339, 10 Am. St. Rep. 189.

The difference between the effect of actual and constructive notice is due to the fact that one searching the records for an encumbrance would not go back beyond the time when the property came into existence, i. e., when the crop was actually planted.

There may be circumstances where information obtained by actual notice may be the same as that imputed by constructive notice, as may have been the situation in *Broadhead v. Farmers' State Bank,* 72 Colo. 430, 211 Pac. 376. But it was different in *Whittier v. First National Bank of Sterling,* 73 Colo. 153, 214 Pac. 536. There an execution creditor had constructive notice of a mortgage describing the note secured thereby as one "due demand after date," and had actual notice of the fact that the note bore a notation making it due at a definite and later date. His rights were made to depend on his actual notice, not on the constructive notice. In the instant case, the mercantile company cannot claim that it may rely on the constructive notice. We said in the Whittier Case that one "had a right to rely on the record, but not when he knew the truth." Knowing the truth, the mercantile company is bound by that, and cannot resort to the record.

The mercantile company having actual notice of the Case Company's prior mortgages, at the time it took its own

mortgage, must be subordinated to the latter company. It was error to hold its lien to be superior.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the J. I. Case Threshing Machine Company.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.