## No. 15,347.

GRAND JUNCTION GOSPEL TABERNACLE v. ORVIS.
(157 P. [2d] 619)

Decided March 26, 1945.

Mr. EUGENE H. MAST, Mr. WILLIAM WEISER, for plaintiff in error.

Messrs. ADAMS & HECKMAN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the ·trial court and are hereinafter designated as there.

Plaintiff sued on a certain written instrument and prayed judgment for $500. Defendant answered setting up four defenses. Plaintiff filed a "Motion for Judgment" in the nature of a general demurrer. That motion was sustained and to review the judgment entered accordingly defendant prosecutes this writ. The four assignments, briefly summarized, simply assert that the answer stated good defenses.

The complaint was filed January 5, 1943. The instrument sued on reads:

"No.-7-                                              $500.00
         "Grand Junction Gospel Tabernacle
      "Grand Junction, Colorado, Dated October 28, 1937.

"This is to certify that in consideration of the advance and loan of the hereinafter mentioned sum the Grand Junction Gospel Tabernacle hereby agrees and promises to pay to Glenn Orvis the sum of five hundred dollars on or before five years from date hereof with interest at 6% payable annually. The maker may pay the face amount with accrued interest at any time and thereby terminate all future liability hereunder.

"This instrument is nonnegotiable and any transfer to be valid and binding must first be entered upon the books of Grand Junction Gospel Tabernacle.

                    "Grand Junction Gospel Tabernacle,
      "Grand Junction Gospel Tabernacle.
      "Corporate Seal Colorado.
      "By Olaf Sundal, A. A. Schneider, Orpha Horr, Trustees."

On the back of the instrument appears the following notation: "Certificate for $500.00. Certificate issued to Glenn Orvis dated October 28, 1938."

The answer admits that plaintiff "is the owner of the instrument sued upon; alleges it was executed in 1938 instead of 1937; denies anything is now due; alleges that plaintiff, a member of defendant organization, delivered to defendant in August, 1937, as a gift to assist in the erection of a church building, the sum of $500; that defendant executed and delivered to plaintiff on October 28, 1938, the instrument in question, which was without consideration; and that a possibility having arisen that the building might "cease to be used for church purposes" such certificates were issued to plaintiff "and others" for the sole purpose and on the express understanding that they would "constitute a claim against defendant only if the defendant ceased to use its building for church purposes."

Accordingly defendant insists upon its right to show error in date, hence no maturity; no consideration, and no liability. Plaintiff asserts that these alleged defenses are barred by the rule that parol evidence is inadmissible to vary the terms of a written contract.

Counsel are not in accord as to the proper name of the instrument in question, i.e., whether it is a "promissory note," a "certificate of corporate stock," or "a nonnegotiable promissory note." We think its classification is unimportant and unnecessary. It speaks for itself as to the agreement.

■■ 1. We think the date, appearing on the face of the instrument, governs. That on the back is no part of the contract and does not appear over, or in connection with, the signature of the maker. It is evidently an erroneous notation. The instrument itself is not in the record but the copy, as set out above, is accepted by stipulation as correct. Change of date would change the rights of the parties, hence parol evidence for that purpose would be inadmissible. Moreover, if permissible to

change the date by parol, the contract would be subject to reformation and the requisite pleading and evidence in each instance would be the same. No such plea appears here. It is not even alleged that the mistake was mutual. The language of the answer is that the date of the instrument, which fixes the due date and is hence a vital part of the contract, was "inserted by mistake and inadvertance." 32 C.J.S., p. 929, §963. Authorities dealing with apparent discrepancies appearing on the face of the instrument, hence presumably covered by the maker's signature, as in *Whittier v. Bank,* 73 Colo. 153, 214 Pac. 536, are clearly not in point.

■ 2. Counsel for defendant first assert that the parol-evidence rule can not here be relied upon since it relates to the admissibility of evidence, and since there was no trial, no evidence was offered. If so when, as contended here, it clearly appears from the face of an answer that some defense pleaded must be unavailing because barred by a universally accepted rule of evidence, motion and demurrer are alike futile and the cause must go to trial. This is mere shadow-boxing and is answered by the rule that the law does not require the doing of a useless thing.

■ As to consideration it should be noted that if defendant's theory is submitted for evidence and thereupon sustained, no vestige of this contract will remain. It is not here a question of varying terms, but the total nullification and annihilation of a written evidence of indebtedness admittedly executed and delivered and wholly free of any suggestion of fraud, deception, coercion, or mistake. It is difficult to find in the books such an attempt to totally eradicate by parol an unquestioned writing. Moreover, this is not a simple agreement to pay money based upon a mere formal statement of consideration. The agreement is explicit and the consideration expressed and definite. It is to repay "a loan of the hereinafter mentioned sum." Such expression of consideration is contractual, of the very essence of the con-

tract, and falls within no exception permitting variation by parol. 32 C.J.S., p. 889, §958; *Randolph v. Helps,* 9 Colo. 29, 10 Pac. 245; *Collins v. Shaffer,* 66 Colo. 84, 179 Pac. 152.

Defendant invokes the rule that conditional delivery can be shown by parol to vitiate a contract otherwise absolute on its face. The answer is, that the conditional delivery here alleged rests solely upon the assertion that plaintiff's contribution was a gift, whereas defendant's contract expressly states that it was a loan. The consideration so stated in the document is contractual, not monetary, and it is well settled that such a consideration can not be varied by parol. 20 Am. Jur., p. 975, §1112.

It is hence clear that no defense pleaded can be sustained.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE STONE concur.