## No. 18,111.

MONTIE THOMPSON, ET AL. *v.* FRANK HILLEWEART, ET AL.
(321 P. [2d] 623)

Decided February 10, 1958.

Messrs. BARNARD & BARNARD, for plaintiffs in error.

Mr. GEORGE A. PUGHE, Mr. JAMES M. PUGHE, for defendants in error.

*En Banc.*

Mr. Justice Hall delivered the opinion of the Court.

Plaintiffs in error were defendants in the trial court and defendants in error were plaintiffs. We will refer to them as they there appeared.

Two actions were brought in the district court; plaintiff Frank Hilleweart sought to recover from defendants $2000.00, together with interest and attorney fees, alleged to be due on a note given to him in return for a loan of $2000.00; plaintiff Alfonso Hilleweart sought $3000.00, interest and attorney fees, on the same kind of a note, except for the amount and the name of the payee.

The cases are identical except for the fact that one is for $2000.00 and the other for $3000.00, and the plaintiffs are different persons, being brothers. The defendants are husband and wife. The cases were consolidated for trial and tried to the court without a jury. Judgments were entered in favor of plaintiffs for the respective amounts of the notes, interest and attorney fees in the amount of $250.00 in each case.

Defendants admit they borrowed the sums alleged and executed notes or contracts as evidence of the indebtedness, and that nothing has been paid. Their only defense being that suits were brought prior to the time the debts became due.

The notes involved are on printed forms, as follows:

"DUE *Temporary Loan* CRAIG, COLORADO *June 7, 1955 Montie Thompson & Angeline Thompson* after date, for value received, I, we or either of us promise to pay *Frank Hilleweart* or order *Two Thousand and No-100* DOLLARS, *$2,000.00* with interest at the rate of 5 per cent per annum from............................................................................ Payable at *Craig, Colorado*....................................................

"It is agreed that if this note is not paid at maturity, or the interest is not paid when due, it shall then draw interest at the rate of (ten per cent per annum until

paid.) (crossed out) The makers, guarantors, and endorsers hereby waive protest, notice of protest, demand, notice of non-payment, and agree that time of payment may be extended without notice. We also promise to pay all costs of collection, expense and attorney's fees, in case payment is not made at maturity.

P.O. *Exhibit "A"*   /s/   Montie Thompson
No............................   /s/   Angeline Thompson."

The note to Alfonso is identical, except for the amount and the name of the payee.

Plaintiffs contend that no due date is fixed and therefor the notes are payable on demand. Defendants contend that the words *Temporary Loan* following the word "due" fix a date for payment other than *on demand.* Evidence offered by plaintiffs was to the effect that payment was to be made in a week or ten days; whereas defendants contend it was understood payment would be made when they could borrow money elsewhere.

The trial judge found that the indebtedness evidenced by the notes had matured and was due at the time of the commencement of the action. This finding is well supported by the evidence and the law concerning negotiable instruments and will not be disturbed.

Counsel for defendants contend that the words *Temporary Loan,* following the word "due" fix the maturity date, thus creating an ambiguity as to the due date. It is quite apparent that the words "Due Temporary Loan" are no part of the promise to pay, and constitute nothing more than a reference for the convenience of the holder and if omitted would not impair or change the obligation. The obligation is complete without those three words.

Had the words "on demand," "sixty days," "one year" or any other time been inserted in lieu of the names of the makers in the space where they appear, no one could successfully contend that the words in the upper left hand corner *"Due Temporary Loan"* could have anything to do with fixing the maturity date. Those words

are not a part of the obligation and cannot be considered as an essential part thereof.

■ The note fixing no date for payment is payable on demand, as provided by C.R.S. '53, 95-1-7:

"An instrument is payable on demand:

(1) Where it is expressed to be payable on demand, or at sight, or on presentation; or

(2) In which no time for payment is expressed. * * * ."

■ The law is well settled that suit may be filed and recovery had on a demand note without a formal demand, the filing of the suit constituting the demand. In *Whittier v. First National Bank,* 73 Colo. 153, 214 Pac. 536, this court said:

"We agree that a note payable on demand may be sued on without demand, *Metropolitan State Bank v. Wright,* 72 Colo. 106, 209 Pac. 804. * * * ."

■ Counsel for defendants argue that even though it be held that judgment for the principal and interest be properly entered, the trial court erred in awarding attorney fees. If the suit to recover principal and interest was not premature then the recovery of attorney fees was not premature under a document that promised to pay all three — principal, interest and attorney fees.

It is urged that the alleged refusal of plaintiffs' mother to deliver an abstract to defendants is a ground upon which an award of attorney fees should be refused. The sons are not answerable for the actions of the mother, and even if they were such could not serve to defeat recovery on the notes.

Finding no error in the record, the judgments are affirmed.

MR. JUSTICE SUTTON not participating.